## KELLY, County Assessor, et al. v. ALLEN.
### No. 6270.

Circuit Court of Appeals, Ninth Circuit.
May 18, 1931.

Rehearing Denied June 15, 1931.

land, and defendant Babbitt from making or asserting any forfeiture or termination of the right to purchase the land, prior to issuance of patent by the state, for default in payment of taxes assessed against and levied upon the said land. Defendants, except Riley, appeal.

Defendants moved to dismiss the bill of complaint for want of equity, which motion was overruled, and exception noted. Defendant filed answer, and decree followed, with like exception. The assignments of error allege, first, that the court erred in not dismissing the complaint for want of equity, and the second and third are, in substance, the same, in entering decree in favor of plaintiff.

The appellee moves to dismiss the appeal, first, because the decree runs against all the defendants jointly, but Riley, the tax collector of Yuma county, does not join in the appeal, and, second, on the ground that the assignments of error present no "specific question involved." The motion to dismiss will be denied. The decree is against the defendants as county officers, each of whom performs a link in the ultimate act enjoined. Representative of one link may not, by declining to join in appeal, defeat review of the decree. In any event, Riley executed the appeal bond, filed appearance, and waived time for filing brief and other proceedings, and asks judgment on the merits. Hill v. Western Electric Co. (C. C. A.) 214 F. 243. The complaint, motion, and order overruling the motion to dismiss for want of equity appear in the record, and no bill of exceptions is necessary to save the point for appellate consideration. Mitsui v. St. Paul Fire & Marine Insurance Co. (C. C. A.) 202 F. 26, certiorari denied 231 U. S. 749, 34 S. Ct. 321, 58 L. Ed. 465. The complaint alleges official acts, making assessments, and laws of Arizona, 1929, p. 234, and threat to declare forfeiture thereunder.

The power of the state to tax is unlimited (Austin v. Aldermen of Boston, 7 Wall. [74 U. S.] 694, 19 L. Ed. 224); it is the essential of political existence, and the essence of the prosperity of the state (Nicol v. Ames, 173 U. S. 509, 515, 19 S. Ct. 522, 43 L. Ed. 786). See, also, Best Foods v. Welch (D. C.) 34 F.(2d) 682. The land in issue, with other land, was transferred to the state of Arizona for certain purposes. 36 Stat. 557. The land in issue was sold to the appellee for 5 per cent. cash, balance in thirty-eight annual payments, 5 per cent. interest, payable annually. Upon payment of six months' interest in advance, and principal, a patent may

H. H. Baker, Co. Atty., of Yuma, Ariz., K. Berry Peterson, Atty. Gen., Charles L. Strouss and Riney Salmon, Asst. Attys. Gen., for appellants.

George B. Webster, of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Appellee, as complainant, obtained a decree enjoining "the defendant Riley, his agents and employees," from collecting, coercing, or compelling payment of taxes levied and assessed upon school lands of the state held by the appellee under a contract of purchase, and enjoining other defendants from assessing or levying taxes on the said

878

be obtained from the state. Laws of Arizona, 1915, 2nd Sp. Sess., c. 5, § 59. The Constitution of Arizona (section 2, art. 9) does not exempt state lands sold under purchase contract from taxation. Chapter 5, § 70, Laws of 1915 (section 2999, Revised Code Arizona), provides that all school lands shall be subject to taxation the same as other lands, and the taxes collected in like manner. In 1929 (Laws of Arizona, p. 234) this section (section 2999) was amended by providing that, if the tax is not paid "when the next annual deferred payment on the land becomes due, it shall constitute a forfeiture of the land to the state, as for failure to make payments when due."

The state is not holding this land as an instrumentality of the United States, but in its own right, in trust, however, for the schools of the state (King County v. Seattle School Dist., 263 U. S. 361, 44 S. Ct. 127, 68 L. Ed. 339), and may tax the purchaser upon the entire value and enforce collection against the interest of the purchaser. (New Brunswick v. United States, 276 U. S. 547, 48 S. Ct. 371, 72 L. Ed. 693).

It is not contended that the tax was not legally assessed and levied, if the right to assess obtains. The purchaser had opportunity to appear before the equalization board and protest excessive valuation (section 3090, Revised Code Arizona), so requirements of due process are fully met. McMillen v. Anderson, 95 U. S. 37, 41, 24 L. Ed. 335; Hagar v. Reclamation Dist. No. 108, 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569; Pittsburgh, etc., Ry. v. Board of Pub. Works, 172 U. S. 32, 19 S. Ct. 90, 43 L. Ed. 354.

The constitutional provision and the laws of the state having relation to the sale of school lands and taxation became a part of the contract of sale as if set out therein (Walker v. Whitehead, 16 Wall. [83 U. S.] 314, 21 L. Ed. 357), and, by express provision of the contract, the purchaser agreed to pay all taxes assessed against and levied upon the land. The omission of reference to the general laws for collection of taxes on "other lands," by the amendment of 1929, supra, is immaterial, since procedure is provided for this special class of land. Expressio unius est exclusio alterius has application. The act of the state (Laws of 1929, supra) is remedial. There is a distinction between the obligation of a contract and statutory remedy for its enforcement. Waggoner v. Flack, 188 U. S. 595, 23 S. Ct. 345, 47 L. Ed. 609. And the procedure of enforcement or collection by forfeiture applies to all purchasers of school land (Kentucky Union Co. v. Kentucky, 219 U. S. 140, 31 S. Ct. 171, 55 L. Ed. 137); and the collection may be varied to suit the necessities of the particular class (Tappan v. Merchants' Nat. Bank, 19 Wall. [86 U. S.] 490, 505, 22 L. Ed. 189), and in no way infringes any right of the appellee.

There is no analogy between the title to land resting in the state of Arizona and title to land resting in the United States. As has been seen, the land was conveyed to the state by the United States, the state Constitution does not exempt land sold on contract, and the laws of the state provide for its taxation.

Walker v. Whitehead, 16 Wall. 314, 21 L. Ed. 357; Little Rock & Ft. S. R. R. v. Worthen, 120 U. S. 101, 7 S. Ct. 469, 30 L. Ed. 588; Barnitz v. Beverly, 163 U. S. 118, 16 S. Ct. 1042, 41 L. Ed. 93; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Columbia Ry. v. South Carolina, 261 U. S. 236, 43 S. Ct. 306, 67 L. Ed. 629; Frick v. Commonwealth, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058, 42 A. L. R. 316, and other cases cited, are beside the issue here. No new condition or burden is injected into the contract. No injury to purchaser can obtain. To analyze, distinguish, or apply the numerous cases cited by the appellee would unduly extend this opinion and would serve no useful purpose.

Reversed.