573 P.2d 909

**STATE of Arizona, Appellee,**

v.

**James W. LAYMAN, Appellant.**

**No. 1 CA–CR 2377.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 22, 1977.

Rehearings Denied Dec. 21, 23, 1977.

Reviews Denied Jan. 17, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Chief Judge.

This appeal from a revocation of probation and the imposition of sentence involves the crediting of jail time served on probation.

James W. Layman was arrested September 22, 1972. On December 14, 1972, he pleaded guilty to burglary, second-degree, and was placed on probation for five years.

**510**

As a condition of probation he was to be incarcerated in the county jail for one year effective September 22, 1972. Layman was released from custody on April 9, 1973, to The Arizona Family.

After a couple of years of success as a probationer, Layman faced four separate revocation of probation proceedings. Two ended with no additional jail time being imposed as a condition of continued probation. At the third, held on October 8, 1975, Layman was continued on probation but was given another year in county jail as a condition of probation. On March 3, 1976, he was again released from custody, this time to St. Joseph's Drug Abuse Center.

The fourth revocation proceeding arose because Layman was convicted of the crime of accessory after the fact, open-end. After revoking probation the trial judge on October 22, 1976, sentenced Layman to four and one-half to five years in the Arizona State Prison. Five years is the maximum sentence for burglary, second-degree. The sentence was to run concurrently with the sentence for the crime of accessory after the fact, open-end. Both sentences were to date from June 6, 1976. From the sentence imposed as a result of the fourth revocation proceeding, Layman brings this appeal.

Defendant asserts that he should be credited with 83 days of presentence incarceration and with 16 days as the excess of one year of jail time served as a condition of probation. We conclude defendant is entitled to a credit of 16 days.

Defendant had been incarcerated since September 22, 1972, before he was originally placed on probation on December 14, 1972. He contends that the trial court erred in failing to reduce his sentence to the state prison by crediting him with the 83 day period from September 22, 1972, to December 14, 1972.

The contention is groundless. Although defendant's probation began December 14, 1972, the trial court not only considered the 83 day period of presentence incarceration but, by beginning the jail term on September 22, 1972, actually gave defendant credit for the period when defendant was initially placed on probation. The 83 day period is part of the time defendant spent in county jail as a condition of probation. A defendant is not entitled to credit for time spent in a county jail pursuant to the conditions of probation when he is later sentenced after revocation of that probation. *State v. Barnett*, 112 Ariz. 212, 540 P.2d 684 (1975); *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), aff'd, 113 Ariz. 285, 551 P.2d 554 (1976); *State v. Hadley*, 114 Ariz. 86, 559 P.2d 206 (1977).

Upon revocation of his probation defendant was given the statutory maximum sentence for burglary, second-degree, as authorized by A.R.S. § 13–1657.[1] However, defendant argues that *State v. Salinas*, 23 Ariz.App. 232, 532 P.2d 174 (1975) requires that credit for presentence incarceration must be given, if such time, when added to the maximum sentence imposed, will exceed the statutory maximum sentence. He then argues that *Salinas* can be wrongfully circumvented by giving a defendant credit for presentence incarceration when imposing jail time as a condition of probation. Since a defendant is not entitled to a credit for such probationary incarceration time on a sentence imposed after probation revocation, defendant argues that he was effectively denied his right to credit against his prison sentence for the presentence jail time when the statutory maximum sentence was imposed and that he was thus denied equal protection of the law.

This court rejected the defendant's equal protection argument in *State v. Fuentes*. We held there that the failure of the trial

1. A.R.S. § 13–1657(C) provides:

Upon the revocation and termination of the probation, the court may, if the sentence has been suspended, pronounce sentence at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced, but if the sentence has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the sentence shall be in full force and effect, and the person shall be delivered to the proper officer to serve the sentence.

court to credit presentence jail time against the maximum sentence imposed following revocation of probation did not constitute a denial of equal protection of the law where the presentence incarceration had been credited against the jail sentence imposed as a condition of probation. Since in this case the 83 days were credited when defendant was placed on probation, the trial court committed no error in failing to give defendant credit for the 83 days against the sentence imposed.

■ However, defendant's further contention that he is entitled to a credit against the maximum sentence for jail time served as a condition of probation to the extent the jail time exceeds one year is meritorious. When defendant was placed on probation on December 14, 1972, a condition of probation was that he serve one year in county jail to date from September 22, 1972. He served 199 days until April 9, 1973. At the violation of probation hearing of October 8, 1975, he was continued on probation and was given an additional year in county jail as a condition of probation. He then served for 182 days from September 10, 1975, to March 10, 1976. Thus, defendant served a total of 381 days as a condition of probation, 16 in excess of the 365 day maximum under A.R.S. § 13–1657.

The trial court's power with respect to probation is purely statutory and can be exercised only in accordance with A.R.S. § 13–1657. *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976). A.R.S. § 13–1657(A)(1) provides that, as a condition of probation, the court may impose "incarceration in the county jail for a specified period not to exceed one year."[2]

According to the terms of A.R.S. § 13–1657, one year is the maximum that can be imposed as a condition of probation. Since defendant served 16 days over the one year maximum, he must be given credit for the extra 16 days.[3]

Therefore, it is ordered that the sentence be modified and the defendant be given credit for 16 calendar days against the sentence he is now serving at the Arizona State Prison. The judgment and sentence appealed from are otherwise affirmed.

NELSON, P. J., and HAIRE, J., concur.

---

2. A.R.S. § 13–1657(A) provides:

If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be subserved thereby, the court may, in its discretion, place the defendant upon probation in the manner following:

1. The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. The conditions imposed may include incarceration in the county jail for a specified period not to exceed one year, or a fine not exceeding the amount of fine authorized for the offense.

. . . . .

3. The record raises no issue concerning "double-time" credits in the county jail and their effect, if any, upon the sentence. A.R.S. § 31–144 authorizes "double-time" credits in the county jail under certain circumstances. Whether those circumstances are present here is a question we do not decide since the record before us does not bear upon the issue.