794 P.2d 607

**Dayalbhai AHIR**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

No. TX 89–00160.

Tax Court of Arizona.

June 22, 1990.

Joseph W. Charles, Charles, Keist & Thompson, P.C., Glendale, for plaintiff-appellant.

Atty. Gen. by Francis L. Migray, Phoenix, for defendant-appellees Ariz. Dept. of Revenue.

Maricopa County Atty. by Sandor O. Shuch, Phoenix, for defendant-appellees Maricopa County.

## OPINION

MORONEY, Judge.

This property tax appeal was filed October 27, 1989. The filing document was designated as a "Notice of Appeal and Complaint." The notice of appeal and complaint failed to provide any information to identify the property which is the subject of the appeal. The notice of appeal and complaint was not amended to provide a means for identifying the property prior to November 1, 1989.

■ The Court holds that in a property tax appeal pursuant to A.R.S. § 42–177, the property which is the subject of the appeal must be identified in the notice of appeal in order for jurisdiction to attach in the Superior Court.

The notice of appeal and complaint herein sets forth that the appeal is from a determination by the State Board of Tax Appeals. Appeals from the State Board of Tax Appeals are governed by A.R.S. § 42–176. A.R.S. § 42–176(B) requires that such appeals "shall be taken on or before on November 1, except as provided in subsection C of this section." Subsection C has no applicability here.

A failure to file an appeal in the manner provided by A.R.S. § 42–177 by November 1 deprives the Court of jurisdiction.

■ A.R.S. § 42–177(A) provides that "an appeal to the superior court relative to valuation or classification of property is commenced by filing a notice with the tax court." A.R.S. § 42–177(B) provides that the "notice of appeal shall contain a statement of the reasons why the valuation or classification is excessive or erroneous." A notice of appeal from an administrative determination, by definition, must contain an adequate reference to the administrative decision from which the appeal is taken. Property tax appeals pursued under this section always constitute a dispute over classification or valuation of property for the purpose of *ad valorum* taxation. Since the result of disputes over classification are always measured by differences in valuation, all property tax appeals pursuant to A.R.S. § 42–177 concern the valuation of property. The appeal is always an effort to change a valuation determined administratively, either by the Department of Revenue, an assessor, the Board of Equalization, or the State Board of Tax Appeals. A notice of appeal which does not provide sufficient information to identify the subject property is an incomplete and inadequate notice of appeal.

In this case, Maricopa County moved to dismiss the complaint because the property was not described. The Court granted the motion, and, later, entered an appropriate judgment. The taxpayer's motion to amend the complaint followed, a motion

resisted by Maricopa County. The taxpayer now wishes the Court to treat the motion to amend the complaint as a motion to set aside the judgment.

 The Court has held that, in order for it to have jurisdiction over a property tax appeal pursuant to A.R.S. § 42–177, an adequate notice of appeal must be filed by November 1 of the proper year. The notice in the present case is not adequate and November 1 has passed. Therefore, this Court has no jurisdiction, and the County's motion to dismiss was properly granted.