166 Ariz. 533 (1991)
803 P.2d 944
Thane READ
v.
ARIZONA DEPARTMENT OF REVENUE, Maricopa County.
No. TX 90-00234.
Tax Court of Arizona.
January 3, 1991.
*534 Bayham & Beucler, P.C. by Alan P. Bayham, Jr., Phoenix, for plaintiff-appellant.
Attorney General by Francis L. Migray, Phoenix, for defendant-appellee Arizona Dept. of Revenue.
Maricopa County Attorney, Civil Div. by Rachelle Z. Leibsohn, Phoenix, for defendant-appellee Maricopa County.
OPINION
MORONEY, Judge.
Facts and Procedural History
Thane Read brought this action appealing the 1989 classification and valuation of property he owns in Maricopa County. Read filed his complaint and notice of appeal on August 30, 1990.
Pursuant to Rule 12(b)(6) A.R.C.P., Maricopa County moved, on September 10, 1990, to dismiss the complaint's 1989 valuation and classification claims. Maricopa asserted that the valuation and classification appeal was not timely filed. A.R.S. § 42-246 sets November 1 of the tax year as the deadline for filing such appeals with the Tax Court. Maricopa argued that Read should have filed his complaint on or before November 1, 1989, in order for the Tax Court to acquire jurisdiction.
Read responded to the motion to dismiss, asserting that he did not own the subject property on November 1, 1989, but that he had acquired the property at a Trustee's Sale on November 29, 1989. Read asserted that he was a holder of a recorded Deed of Trust dating to 1980, and that he had recorded a Notice of Trustee's Sale with the County at least ninety days prior to the sale.
Read takes the position that he was never notified of the assessor's valuation of the property, and therefore he could not have appealed its valuation and classification by the statutory deadline. Read further claims that the assessor's failure to give him notice of the property's 1989 classification and valuation constitutes a systematic and deliberate discrimination against him and other holders of deeds of trust, and that such discrimination violates both the Arizona and U.S. constitutions. Read argues that the Court therefore has jurisdiction to hear the Complaint and appeal.
Read's predecessor in interest did not file an appeal on the subject property for the 1989 tax year.
IT IS ORDERED granting Maricopa County's Motion to dismiss the Taxpayer's 1989 classification and valuation claims.
Discussion
Motions to dismiss for failure to state a claim are not favored, and the Court will not grant such a motion unless it is certain that the Plaintiff is not entitled to relief under any set of facts susceptible of proof under the claim stated. State ex rel. Corbin v. Pickrell, 136 Ariz. 589, 667 P.2d 1304 (en banc. 1983). The Court assumes for the purposes of the motion that Read's property was incorrectly valued and incorrectly classified by the Maricopa County assessor.[1]
Neither Read nor his predecessor in interest appealed the classification or valuation of the subject property at the administrative level. Read's complaint states that the assessor's 1989 limited and full cash values for what is now Read's property are "erroneous and excessive." Complaint at 2. The complaint further states that "the *535 classification of the subject property does not fairly reflect its use." Id.
To the extent that the complaint sets out a challenge of the assessor's valuation and classification of the subject property, the claim is cognizable under A.R.S. § 42-246. That statute provides:
Any person dissatisfied with the valuation or classification of his property as determined by the county assessor may, whether or not he files an appeal with the assessor, county board or state board, appeal to the superior court in the manner provided by § 42-177 on or before November 1.
It is well-settled in Arizona that taxpayers who wish to appeal the valuation and classification of their property must follow the statutory procedures for appeal. Pesqueira v. Pima County Assessor, 133 Ariz. 255, 257, 650 P.2d 1237, 1239 (App. 1982). In Pesqueira, the time limit for appeals was "November 1 of the tax year." Pesqueira, 133 Ariz. at 256, 650 P.2d at 1238. "The filing deadline ... is a jurisdictional condition." Id. at 257, 650 P.2d at 1239. Ahir v. Maricopa County, 164 Ariz. 532, 533, 794 P.2d 607, 608 (Tax 1990).
Pesqueira spoke to appeals pursuant to what is now A.R.S. § 42-176. A.R.S. § 42-176 authorizes appeals from decisions of the State Board of Tax Appeals. Both A.R.S. § 42-176 and A.R.S. § 42-246 direct that appeals proceed pursuant to A.R.S. § 42-177. This Court can find nothing that would distinguish the filing deadline provisions of the two statutes. The Court, therefore, holds that its jurisdiction to entertain property tax appeals depends upon a strict compliance with the statutory time limit in the authorizing statute. Read's claim for relief based on valuation and classification of his property was therefore untimely filed.
Read nonetheless urges this Court to disregard a jurisdictional prerequisite to valuation and classification suits on the basis that the assessor's failure to give Read notice of the 1989 valuation and classification of the subject property constituted "systematic and intentional discrimination."
Read argues that where a beneficiary of a Deed of Trust has noticed a foreclosure sale, the assessor has a duty to notify such creditor of his valuation for assessment purposes of the subject property. Otherwise such creditor is effectively prevented from challenging valuation and classification before the statutory deadline.
Read admits that he "was not the owner of the property until November 30, 1989." Response to Motion to Dismiss at 3. The question thus becomes, "is a person who is not the owner of a property entitled to notice of valuation and assessment of that property from the assessor by virtue of a potential interest in the property created by the impending foreclosure of a security interest in the subject property?"
The assessor is statutorily bound to give notice to "[e]very person who is the owner of record or who is the purchaser under a deed of trust or an agreement of sale of property which by law is valued by the assessor for placement on the roll ..." A.R.S. § 42-221(D). The assessor must give that notice "on or before November 15" of the year preceding the year the tax becomes due. Id. In addition, "[a]ny person owning, claiming or having possession or control of property which by law is to be valued by the assessor for placement on the roll may, after November 15, inquire of and be advised by the assessor as to the valuation of such property ..." Id.
The statute therefore provides that the assessor shall give actual notice of the valuation of the property to the record owner, or to the record purchaser under a deed of trust or agreement of sale. Read's predecessor in interest thus was entitled to Notice from the assessor.
Read asserts that the assessor's failure to notify him of the property's 1989 valuation amounted to a denial of equal protection under the law. Read does not assert that the assessor acted outside the law, nor does he assert that the assessor lacked authority to make distinctions among persons to be notified of a property's valuation. The Court's constitutional inquiry is, in the absence of direction from Read, *536 therefore directed towards the statutes which authorize the assessor to notify certain persons of a property's valuation.
Equal protection analysis under both the Arizona and United States Constitutions, when directed towards the effect of a statute, focuses on the character of the statutory classification, the individual interests affected by the classification, and the governmental interest asserted in support of the classification. State v. Seip, 128 Ariz. 56, 623 P.2d 845 (App. 1980). Where a classification does not involve a suspect class of persons or a constitutional interest, equal protection is offended only if the classification is wholly unrelated to the state's objective. Stephens v. Textron, Inc., 127 Ariz. 227, 619 P.2d 736 (1980).
The notice statutes of which Read complains do not create a suspect class: the statutes are addressed to those who own, control, or are in possession of the real property which is the subject of taxation. The legislature, in creating the class, obviously had the intent to notify those persons who had the most direct interest in the property's tax liability for the coming year.
The law assumes that the person who owns or controls the property will take the most interest in the government's conduct towards that property, and will be the person most likely to vindicate a right in connection with the property. In this case, it was Read's predecessor in interest who had the right to appeal the valuation and classification of the property, and it was Read's predecessor in interest who had the greatest interest in paying the property's taxes.
Property taxes attach to the property, not the person. Peabody Coal Co. v. Navajo County, 117 Ariz. 335, 572 P.2d 797 (en banc. 1977). Property taxes in Arizona are owed by the property, not the owner of the property. Santos v. Simon, 60 Ariz. 426, 138 P.2d 896 (1943). Such taxes represent a lien against the land itself and are not a personal obligation of the property owner. Peabody Coal Co., supra; Pothast v. Maricopa County, 43 Ariz. 302, 30 P.2d 840 (1934).
In keeping with these principles, the legislature has created a system to tax property which will insure that each property pays its tax irrespective of who actually owns or controls the property. Pursuant to A.R.S. § 42-312, "[e]very tax levied upon real or personal property shall be a lien on the property assessed." Furthermore, "[t]he lien shall attach on the first day of January each year ..." Id. The county's remedy for a failure in payment of property taxes is not against a person, but against the property. A.R.S. § 42-381(B).
Given that the property and not the person remains liable for the tax, the legislature had a rational basis for providing actual notice to those persons who actually own, control, or are in possession of the real property affected. They are the persons most likely to vindicate the property's rights, and they are the persons most likely to suffer harm should the taxes go unpaid. In order for Read to claim a failure of equal protection under the law, he must demonstrate that he was a member of a class the legislature intended to notify, but was nonetheless excluded from the statute's embrace.
In Arizona, the beneficiary of a deed of trust and his trustee do not stand on the same footing as the trustor to such a deed. While the trustee of the deed of trust "holds bare legal title" to the property, the Arizona Supreme Court has said "[n]otwithstanding the conveyance of "title" in a deed of trust, the trustor remains free to transfer the property and continues to enjoy all other incidents of ownership." In re Bisbee, 157 Ariz. 31, 34, 754 P.2d 1135, 1138 (en banc. 1988); see also A.R.S. § 33-806.01(A).
Because Read's predecessor in interest "enjoy[ed] all other incidents of ownership," Read did not stand in the same position as his predecessor at the time the right to appeal the property's valuation became ripe. Therefore, he was not a member of the class the legislature intended to embrace with actual notice and he had no constitutionally protected interest which could justify actual notice of the property's valuation from the assessor.
*537 The Court notes that A.R.S. § 42-221(D) allows "any person owning, claiming or having possession or control of property" to inquire into the property's valuation with the assessor. Read does not claim that he inquired of the assessor as to the property's valuation and was denied such information. The Court further notes that the treasurer's actual authorization to collect property taxes is not dependent on notice to any individual. A.R.S. § 42-342.
In accord with statute, "[t]he roll with the warrant affixed shall be the authority of the treasurer to collect the taxes therein levied." A.R.S. § 42-342(A). By publication, the treasurer then notifies all taxpayers that the roll is in his possession, sets out the delinquency dates for the year, and states when and where taxes may be paid. A.R.S. § 42-342(B). This notice is published once a week for four weeks after the treasurer receives the roll. A.R.S. § 42-342(C).
The treasurer must receive the roll "on or before October 1." A.R.S. § 42-310(B). The publication of notice thus occurs for one full month before the November 1 date of appeal. This notice is all the authority the treasurer requires to collect taxes due. "No other demand for taxes is necessary." A.R.S. § 42-342(D).
In summation, Read had ample notice that the property he acquired in November 1989 would be subject to 1989 taxes. All persons who had an interest in the subject property knew or should have known that the 1989 property taxes for the property attached in the form of a lien on the subject property on January 1 of the tax year. Read and all other beneficiaries of deeds of trust were on effective statutory notice that the property was subject to tax and that taxes would be due. Pursuant to A.R.S. § 42-221(D), Read had an opportunity to inquire with the assessor as to the property's valuation at any time after November 15, 1988.
This does not, however, complete the Court's inquiry. In his response to the Motion to Dismiss, Read states that
it is submitted that the failure of the tax assessors [sic] office to give notice of property valuation to the holder of a Deed of Trust, who had noticed a Trustee's Sale prior to the court day for protest, is unconstitutional. Further, to not allow a holder of a deed of trust to [sic] had noticed his Trustee's Sale to challenge the assessment is discriminatory and a violation of the equality clause of the Arizona Constitution and the Equal Protection Clause of the United States Constitution.
Response to Motion to Dismiss at 4.
The Court notes that pursuant to A.R.S. § 33-807(C), a trustee to a deed of trust may not exercise the power of sale "before the expiration of ninety days from the recording of the notice of the sale." During that entire period of time, the delinquent Trustor has the right to reinstate the Deed of Trust by paying the creditor the balance due plus certain expenses. A.R.S. § 33-813(A).
The Court further notes that "[o]n the date and at the time and place designated in the notice of sale, the trustee shall sell the trust property at public auction for cash to the highest bidder." A.R.S. § 33-810(A).
Assuming that the assessor had an obligation to notify a future owner of the property of the property's current valuation, nothing in the statute would allow an assessor to predict with certainty who would purchase the property at the sale.
Read's argument assumes that the recording of a notice of sale, (or presumably any notice of intent to foreclose a security interest in property) gives the creditor a constitutional right to notice of the assessor's valuation for the current tax year and a right to contest that valuation.
For reasons already noted herein, the Court has held that a creditor holding property as security for debt has no right to special notice from the assessor. As has been stated, if he chooses to do so, such a creditor may himself obtain all the information that would be in such a notice.
Because of the uncertainty that a creditor who notices an intent to foreclose will become the owner of the property, as noted *538 herein, the fact that a notice of sale has been recorded does not improve the creditor's constitutional standing.
Read's argument, therefore, is that a creditor who holds the property as security for debt has a constitutional right to challenge the taxing authority's valuation of the property.
If so, it must be done before the statutory deadline passes. Since Read did not seek to challenge the valuation before the time to do so had expired, the Court need not decide whether a creditor with a creditor's lien on property has standing to attack the taxing authority's valuation of the property.
NOTES
[1] Read opposed Maricopa's Motion to Dismiss for failure to state a claim with an affidavit. Pursuant to Rule 12(b), A.R.C.P., the Court could treat the motion as one for summary judgment pursuant to Rule 56 A.R.C.P., Parks v. Macro-Dynamics, Inc., 121 Ariz. 517, 591 P.2d 1005 (App. 1979). However, the County has not relied on Read's affidavit in its Reply, and the Court has not found the affidavit necessary or relevant to a disposition of the motion.