172 Ariz. 54 (1992)
833 P.2d 725
SEAFIRST CORPORATION
v.
ARIZONA DEPARTMENT OF REVENUE; County of Maricopa.
No. TX 90-00871.
Tax Court of Arizona.
May 22, 1992.
*55 Perry, Pierson & Kolsrud by Mark D. Svejda, Phoenix, for plaintiff-appellant.
Atty. Gen. by Steven R. Partridge, Phoenix, for defendant-appellee Arizona Dept. of Revenue.
*56 Atty. Gen. by Daniel R. Christl, Phoenix, for defendant-appellee Maricopa County.

OPINION
MORONEY, Judge.
This is a property tax appeal pursuant to A.R.S. §§ 42-246 and 42-177. A.R.S. § 42-246 authorizes an appeal directly to superior court by a property owner dissatisfied with the determination of valuation or classification of property by a county assessor. The statute requires that the appeal be taken "in the manner provided in § 42-177."
A.R.S. § 42-177 provides, in pertinent part, that "[a]ll taxes levied and assessed against property on which an appeal has been filed by the owner thereof shall be paid under protest prior to the date the tax becomes delinquent." Arizona appellate courts, and this court, have repeatedly held that compliance with the quoted language is required in order for the Tax Court to maintain jurisdiction over the taxpayer's appeal. Pima County v. Cyprus-Pima Mining Co., 119 Ariz. 111, 579 P.2d 1081 (1978); County of Maricopa v. Chatwin, 17 Ariz. App. 576, 499 P.2d 190 (1972); RCJ Corp. v. Arizona Dep't of Revenue, 168 Ariz. 328, 812 P.2d 1146 (Tax 1991).
The tax year in dispute here is 1990. The Complaint brings in issue the Assessor's valuations for fifteen parcels of the Taxpayer's property. The first installments of 1990 taxes on all parcels were timely paid. The second installments on nine parcels were not paid until after they had become delinquent.
Maricopa County now seeks to have dismissed that part of the Complaint that challenges the Assessor's valuations on the nine parcels on which the taxes were not paid before becoming delinquent. Maricopa County argues that, because the second half 1990 taxes were not paid on time, the Court has lost jurisdiction.
The Taxpayer responds that it received no notice of the Assessor's valuations, and, therefore, to dismiss the Complaint would deprive the Taxpayer of due process.
The issue presented to the Court in this appeal is whether, under the circumstances presented in this case, direct notice to the Taxpayer of the taxing authority's valuation is a necessary prerequisite to a requirement that current taxes be timely paid in order to maintain a valuation appeal.
The Court holds it is not. The Motion to Dismiss is granted.
Maricopa County seeks dismissal because it claims the Court has lost jurisdiction over the subject matter of the controversy delineated in the Complaint. In such a circumstance, the Court should receive such evidence as is necessary to permit the Court to determine the merits of the motion. The factual scenario set forth below is essentially that presented by the Taxpayer.
The Taxpayer became the owner of the subject property at a deed of trust trustee's sale. The trustee's deed was recorded March 12, 1990, at the office of the Maricopa County Recorder. In August 1990, the Maricopa County Assessor was informed that the Taxpayer had acquired the nine parcels at issue, as well as some others. 1990 valuations were requested from the Assessor. Apparently nothing was done to change the Assessor's records to show the Taxpayer as the owner of the relevant parcels. The Assessor did not send the Taxpayer notice of the Assessor's 1990 valuation of the property.
The Taxpayer was able to determine what the first half tax bills were, however. It paid them all before they became delinquent.
The power to tax is an inherent power of government. The imposition, assessment, and collection of taxes is a process that is dictated entirely by statute. Subject to constitutional limitation, the legislature may make such provisions as it chooses to provide for funding the needs of state government. Southern Pac. Co. v. Pima County, 38 Ariz. 11, 296 P. 533 (1931); Pacific Fruit Express Co. v. City of Yuma, 32 Ariz. 601, 261 P. 49 (1927). If it chooses to do so, a state may impose a tax on property, measure the tax by the *57 value of the property, and collect it from the property owner. Luhrs v. City of Phoenix, 52 Ariz. 438, 83 P.2d 283 (1938). Arizona has made that choice.
In Arizona, property taxation begins with an assessor classifying property, and determining a valuation for it. An assessment ratio dictated by the classification is applied to the valuation. A tax rate determined according to statute is applied to the product to produce the tax due.
Nearly 60 years ago, in State Tax Comm'n of Arizona v. Board of Supervisors of Yavapai County, 43 Ariz. 156, 29 P.2d 733 (1934), our Supreme Court reviewed the then existing scheme in Arizona for the imposition of property taxes. Its purpose in doing so was to test the Arizona scheme against the constitutional requirement of due process. In the intervening years, much has changed about property taxation in Arizona; but much, including statutory language, has remained the same. The principals of constitutional law set forth in Board of Supervisors remain as viable today as they were when written. This Court relies in large measure on Board of Supervisors for its rulings herein on due process.
The due process clauses in both the Arizona and United States Constitutions require that, in any scheme to impose a tax, there be provision whereby a putative taxpayer can appeal to an impartial tribunal any act of government which affects the validity or amount of any tax to which the government asserts the taxpayer is subject.
There is no requirement, however, that such an appeal be to a trial court, or even that it be to a court at all. Constitutional requirements of due process are satisfied even if the appellate tribunal be not of the judicial branch of government. Yuma County v. Arizona & Swansea R.R. Co., 30 Ariz. 27, 243 P. 907 (1926); De Pauw University v. Brunk, 53 F.2d 647 (D.Mo. 1931), aff'd mem., 285 U.S. 527, 52 S.Ct. 405, 76 L.Ed. 924 (1932); Kelly v. Allen, 49 F.2d 876 (9th Cir.1931). What is required is that the tribunal provide the opportunity for the taxpayer to be heard, and, at the hearing, "the right to support his allegations by argument however brief, and, if need be, by proof, however informal." Londoner v. City of Denver, 210 U.S. 373, 386, 28 S.Ct. 708, 714, 52 L.Ed. 1103 (1908).
The Arizona scheme for resolving property valuation and classification disputes contemplates a series of administrative appeals to the State Board of Tax Appeals, and from there, by appeal, to the Tax Court. A.R.S. §§ 42-221(E), 42-241.01(A), 42-245, 42-176. The State Board of Tax Appeals is a state agency independent of any taxing authority. A.R.S. § 42-171. Hearings before the Board are conducted by permitting each side to present evidence and argument. Ariz.Corp.Admin.R. & Regs. R16-2-112 to -114. The due process requirement is satisfied by the appeal to the State Board of Tax Appeals if it is not satisfied at an earlier stage in the administrative process. There is no constitutional right to more than one opportunity to be effectively heard. Rosenberg v. Arizona Board of Regents, 118 Ariz. 489, 578 P.2d 168 (1978); Grisell v. Consolidated City of Indianapolis, 425 N.E.2d 247 (Ind. App. 1981).
It is important to note that due process is satisfied by the opportunity for administrative review, not by its implementation. A.R.S. § 42-246 permits a taxpayer dissatisfied with a valuation or classification of its property by an assessor to appeal directly to the Tax Court, thus bypassing all of the available administrative appeals. The election by a taxpayer to appeal directly to the Tax Court pursuant to A.R.S. § 42-246 does not make the Tax Court the impartial oversight tribunal which due process requires.
In this case the Taxpayer may argue that it did not acquire the property until after the time for administrative appeal had passed. Therefore, the only appeal which lies of an excessive valuation or an erroneous classification is to the Tax Court under A.R.S. § 42-246. It does not matter. The Taxpayer has no constitutional right to an appeal to the Tax Court.
*58 The tax is imposed on the property. Read v. Arizona Dep't of Revenue, 166 Ariz. 533, 536, 803 P.2d 944 (Tax 1991). The lien is effective on January 1 of the tax year. A.R.S. § 42-312. When property subject to a deed of trust is sold in a trustee's sale, it is sold at a public auction. A.R.S. § 33-810. The buyer is a stranger to the property, even if the buyer is the creditor who initiated the sale. If a property is sold after the time has passed to begin an administrative appeal, it is sold after the Assessor has determined valuation and classification. At the time the Assessor did to the property what assessors do, the buyer at a later sale had no property right of which the Assessor's acts could deprive it. Therefore, the Assessor's acts do not give the post-assessment buyer any right to due process with respect to them.
The Court holds that, in a controversy between government and a taxpayer over the valuation or classification of property for tax purposes, the taxpayer has no constitutional right to an appeal to the Tax Court. The taxpayer does have a statutory right to such an appeal however. In granting this right, the legislature has conditioned it upon the timely payment of taxes assessed against the property concerning which the appeal is taken. A.R.S. § 42-177(E), in pertinent part, reads as follows. "All taxes levied and assessed against property on which an appeal has been filed by the owner thereof shall be paid under protest prior to the date the tax becomes delinquent ... If such taxes are not paid prior to becoming delinquent, ... the court shall dismiss the appeal."
The language of the statute makes it clear that the legislature intended that the Court's continuing jurisdiction depends on the timely payment by the taxpayer of the taxes assessed against the property.
The proposition that timely payment of property taxes assessed against a parcel of property be a condition of an appeal of those taxes has been long ingrained in Arizona law. In State Tax Comm'n of Arizona v. Board of Supervisors of Yavapai County, 43 Ariz. 156, 29 P.2d 733 (1934), cited above, the Supreme Court held such a provision to be not in violation of any constitutional requirement. In Pima County v. Cyprus-Pima Mining Co., 119 Ariz. 111, 114, 579 P.2d 1081 (1978), the Supreme Court, in construing the same statute as is at issue here, opined that, to sustain the appeal, the timely payment of taxes was mandatory. This Court holds that the failure of the Taxpayer to pay its second-half taxes for the tax year under review, on the property under review, deprives the Court of jurisdiction to continue to entertain the Taxpayer's appeal.
The Taxpayer claims that A.R.S. § 42-221(D) required that the Assessor notify it of the valuation of the property. The Taxpayer further argues that, because the Assessor failed to notify it of the valuation determined for the property, and no one from Maricopa County advised it of the amount of tax due, to dismiss the Taxpayer's tax appeal because it did not timely pay its tax assessment would deprive the Taxpayer of due process.
The relevant tax year here is 1990. The Court does not agree that A.R.S. § 42-221(D) required the Assessor to notify the Taxpayer of the 1990 valuation of its property. In the first place, the requirement of notice by the assessor is contingent upon there having been an increase in valuation or a change in classification from the former year. If there is a change, the statute directs the assessor to provide the notice to the owner of the property by, at the latest, December 15 of the year before the tax year. This Taxpayer did not own the property on December 15, 1989.
A person whose property is subject to a property tax has a constitutional right to notice of the tax assessed. Direct notice is not required, however. All non-exempt property in Arizona is subject to property tax every year. Applicable statutes provide when during the year the process of assessment, valuation, and collection is to take place. Property owners are charged with knowledge of the substance of these statutes. A.R.S. § 42-221(D) provides that "[a]ny person owning, claiming or having possession or control of property which by law is to be valued by the assessor for *59 placement on the roll may, after November 15, inquire of and be advised by the assessor as to the valuation of such property...." A.R.S. § 42-342 provides that the amount of the tax can be obtained from the county treasurer. Implementation of these provisions satisfies the constitutional requirement of notice of the tax. Read v. Arizona Dep't of Revenue, 166 Ariz. 533, 803 P.2d 944 (Tax 1991); Wimberly v. Cowan Investment Corp., 80 F.2d 452 (5th Cir.1935); Westinghouse Elec. Corp. v. Los Angeles County, 42 Cal App.3d 32, 116 Cal. Rptr. 742 (1974). In the instant case, knowledge of the property valuation and the amount of the tax was available to the Taxpayer upon inquiry of the appropriate county official.
The Taxpayer has argued that the dismissal of its appeal would be a violation of its right to due process. The right of which the Taxpayer speaks is contained in the fourteenth amendment to the federal constitution, and in Article 2, Section 4 of the Arizona Constitution. The cited provisions of both constitutions prohibit the taking of property without due process of law. Taxation is the taking of property. If it is property that is being taxed, due process requires that the property owner be advised of the tax, and that it have the opportunity to be heard with respect to its assessment.
In this decision, the Court has held that direct notice is not required by either constitution. The implementation of the statutory scheme which makes the necessary information available upon inquiry satisfies the constitutional requirement of notice of the tax.
The Court has further held that a buyer of the taxed property who buys after the tax has been assessed has no property right affected by the tax assessment which the constitution protects. This is true even if the buyer is a creditor who buys at a deed of trust trustee's sale. An argument can be made that an excessive tax lien impairs the value of the creditor's security, and therefore an excessive valuation takes the creditor's property. The risk of an unpaid tax lien is inherent in any loan for which real property is security. The same is true of an unchallenged excessive valuation. As between creditor and debtor, such impairments of the creditor's security are for the debtor to cure. If such an impairment "takes" property from the creditor, it is the defalcation of the debtor, and not an act of government which creates the taking. Therefore, with respect to the taking, neither constitution requires anything of government.
The Court has also held that there is no constitutional right to an appeal in Tax Court. There is, however, a statutory right to such an appeal. The legislative authority which permits such an appeal can limit as it chooses the jurisdiction of the Court which hears the appeal. In this case the limitation of jurisdiction at issue is set forth in the same statute which authorizes the appeal. The property right of which the Taxpayer asserts it has been deprived is contingent upon compliance with the statute authorizing the appeal. Since it is a failure to comply with the statute which demands dismissal, there has been no deprivation of property. To dismiss the appeal pursuant to the motion of Maricopa County does not deprive the Taxpayer of due process.