854 P.2d 161

**FEDERAL DEPOSIT INSURANCE CORPORATION**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

**Christopher SNOW**

v.

**MARICOPA COUNTY; Arizona Department of Revenue.**

Nos. TX 92–00809, TX 92–01481.

Tax Court of Arizona.

June 15, 1993.

Nearhood & Associates, P.C. by James R. Nearhood, Phoenix, for plaintiff F.D.I.C.

Powell & Russo by Sara J. Powell, Phoenix, for plaintiff Snow.

Maricopa County Atty. by William S. Knopf, for defendants.

## OPINION

MURPHY, Judge Pro Tem.

On September 4, 1992, the Federal Deposit Insurance Corporation filed an action in the Tax Court pursuant to A.R.S. § 42–177 contesting the 1992 valuation of its property. On October 13, 1992, FDIC sold its property to Christopher Snow. On October 30, 1992, Snow also filed an action with the Tax Court pursuant to A.R.S. § 42–177 contesting the 1992 valuation of the same property.

FDIC and Snow filed a Joint Motion to Consolidate these two actions which the Court granted prematurely. The Defendant Taxing Authorities objected to such a consolidation and moved that one of the actions be dismissed. The Court holds: (1) the Motion to Consolidate is denied; (2) Snow's action is dismissed; and (3) Snow has a right to intervene in the action filed by FDIC pursuant to A.R.C.P. 24.

The issue raised in this case is whether successive owners are entitled pursuant to A.R.S. § 42–177 to file and maintain separate actions that challenge the Assessor's valuation of the same property for the same tax year. It is well established that the right to appeal from a property tax valuation or classification exists only to the extent granted by constitutional or statutory provision. *County of Pima v. State Dep't of Revenue*, 114 Ariz. 275, 277, 560 P.2d 793, 795 (1977); *Maricopa County v. Superior Court*, 170 Ariz. 248, 250, 823 P.2d 696, 700 (App.1991).

■ FDIC and Snow filed their actions pursuant to A.R.S. § 42–177. Only a "record property owner" is entitled to bring a tax appeal pursuant to A.R.S. § 42–177. *Maricopa County v. Superior Court*, 170 Ariz. 248, 823 P.2d 696 (App.1991); *see also, County of Pima v. State Dep't of Revenue*, 114 Ariz. 275, 560 P.2d 793 (1977). Both FDIC and Snow were "record property owners" of the subject property when they filed their appeals so both were entitled to file appeals.

■ This does not resolve the matter, however. This Court recently determined that the "relevant Arizona statutes provide for only *one* appeal from the acts of the Assessor in performing her part of the assessment process." *Berge Ford, Inc. v. Maricopa County*, 172 Ariz. 483, 485, 838 P.2d 822, 824 (Tax 1992). If A.R.S. § 42–177 allows only one appeal from the acts of the Assessor, then FDIC and Snow may not maintain separate actions challenging the valuation of the same property for the same tax year.

The issue in *Berge Ford* was whether a Taxpayer is entitled to appeal the "valuation" of property in one action and appeal the "classification" of the same property in another action. The court held that a Taxpayer may not so split its cause of action. In reaching this conclusion, the court examined the statutes which allow for appeals on the administrative level and to the Tax Court, including A.R.S. § 42–177. The court held that "there is no indication in the language of the statutes which authorize appeals to the Tax Court that the legislature intended that there be more than one hearing on appeal, or that there be separate appeals for valuation and classification." *Berge Ford*, 172 Ariz. 483 at 486, 838 P.2d 822 at 825.

· In this case, FDIC and Snow have filed two actions challenging only the valuation of the same property for the same tax year instead of filing one action challenging "classification" and another challenging "valuation" as in *Berge Ford*. However, the rationale leading to the court's conclusion in *Berge Ford* is equally applicable to this case. The relevant statutes do not contemplate the maintenance of two actions that challenge the acts of the Assessor on the same property for the same tax year, whether one challenges "classification" and the other "valuation" or both challenge valuation. Accordingly, this Court holds that that FDIC and Snow are not entitled to maintain separate appeals pursuant to A.R.S. § 42–177 challenging the valuation of the same property for the same tax year.

■ The Taxpayers in *Berge Ford* suggested, as do FDIC and Snow here, that if separate appeals are not permitted, the cases should be consolidated. FDIC and Snow cite A.R.S. § 42–178(I) and A.R.C.P. 42(a) as authority for this proposition. Consolidation is no more appropriate in this case than it was in *Berge Ford*.

In that case, the court held that neither A.R.C.P. 42(a) nor A.R.S. § 42–178(I) authorized the court to consolidate "valuation" and "classification" appeals. The court stated, "Rule 42(a) of the Arizona Rules of Civil Procedure authorizes the consolidation of actions involving common question of law or fact. Rule 42(a), howev-

er, contemplates the joining of actions which are independently viable." *Berge Ford*, 172 Ariz. at 486, 838 P.2d at 825. Separate "valuation" and "classification" appeals are not independently viable, held the court, and therefore, consolidation is not appropriate pursuant to A.R.C.P. 42(a).

The court held further that the A.R.S. § 42–178 was not intended to be used to consolidate a "valuation" action with a "classification" action; its purpose is to provide a method by which valuation and classification claims can be consolidated with constitutional claims.

■■■ The Court holds that for the same reasons expressed in *Berge Ford*, consolidation is not appropriate in this case. The Court holds the proper course is to dismiss Snow's appeal.

In making this decision, the Court is guided by another recent Tax Court case. In *Seafirst Corp. v. Dep't of Revenue*, 172 Ariz. 54, 833 P.2d 725 (Tax 1992), the court held that a buyer who buys property after the tax has been assessed has no property right affected by the tax assessment which the constitution protects. The court stated:

> If a property is sold after the time has passed to begin an administrative appeal, it is sold after the Assessor has determined valuation and classification. At the time the Assessor did to the property what assessors do, the buyer at a later sale had no property right of which the Assessor's acts could deprive it. Therefore, the Assessor's acts do not give the post-assessment buyer any right to due process with respect to them.

*Seafirst*, 172 Ariz. at 58, 833 P.2d at 729. In this case, FDIC sold the property to Snow on October 13, 1993, well after the tax had been assessed. Because Snow had no property right at the time the assessor did to the property what assessors do, the Court finds Snow's case should be dismissed. However, since Snow has a ripened ownership interest in the taxed property, the Court also finds that Snow may intervene in FDIC's action pursuant to A.R.C.P. 24. A request to intervene shall

be granted upon application because Snow's interest in the property is so situated that the ultimate disposition of the action may, as a practical matter, possibly impair or impede Snow's ability to protect the present and future valuation of his property (A.R.C.P. 24(b)(2)).[1]

*City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).

1. This opinion is not intended to operate as an appealable judgment. *See, Devenir Associates v.*