231 P.3d 389 (2010)
MARACAY THUNDERBIRD, L.L.C.
v.
MARICOPA COUNTY.
No. TX 2008-000808.
Tax Court of Arizona.
April 22, 2010.
Mooney, Wright & Moore, PLLC by Paul J. Mooney, Jim L. Wright, Paul Moore and Bart S. Wilhoit, Mesa, for plaintiff.
Maricopa County Atty. by John W. Paulsen and Christopher C. Keller, Phoenix, for defendant.

OPINION
DEAN M. FINK, Judge.
Following oral argument, the Court took defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction under advisement. Upon further consideration of the *390 briefing and argument, the Court rules as follows.

Facts
The facts of this case are not disputed and may be briefly stated. The plaintiff, Maracay Thunderbird, L.L.C. ("Maracay Thunderbird"), owned several parcels of real property in Maricopa County. While it owned these parcels, it objected to the assessor's valuation of them for tax year 2009 and, having paid the taxes in dispute, filed the present appeal to the Arizona Tax Court on December 15, 2008.[1] Eight days later, on December 23, 2008, Maracay Thunderbird sold the parcels to Klondike Land Portfolio, L.L.C. ("Klondike"), which is not a party to this action.
There is also no dispute that the Court's jurisdiction over this matter is governed by A.R.S. § 42-16201(A), which reads in part, "A property owner who is dissatisfied with the valuation or classification of the property as determined by the county assessor may appeal directly to the court...."

Issue
While conceding that Maracay Thunderbird satisfied the jurisdictional requirement of being the property owner at the time it filed its appeal, the County contendsvia the motion to dismissthat property ownership is a continuing jurisdictional requisite and that, once Maracay Thunderbird ceased to be the property owner, the Court lost jurisdiction over the case. Maracay Thunderbird asserts that the jurisdiction, which was proper at the time of filing, is not lost due to the subsequent sale of the property to another owner.

Analysis
In this case, as in the typical property tax appeal, two forms of relief are sought.[2] The first is retrospective: the refund of excessive taxes already collected. A.R.S. § 42-16210 requires that disputed taxes be paid when due; if the taxes are not paid, the taxing authority is entitled to seize the collateralthe propertyand the owner forfeits his or her ownership interest. Circle K Stores, Inc. v. Apache County, 199 Ariz. 402, 407, 18 P.3d 713, 718 (App.2001); contrast Maricopa County v. Superior Court, 170 Ariz. 248, 253-54, 823 P.2d 696, 701-02 (App.1991) (court has no jurisdiction when taxes paid by non-owner with only contingent interest in property). As a basic principle of constitutional law long recognized as applying to Arizona's tax statutes, due process requires that the property owner be given notice and a hearing before a tax becomes final. State Tax Comm'n v. Shattuck, 44 Ariz. 379, 406-07, 38 P.2d 631, 642 (1934). The statutory requirement that the disputed tax be paid when due is therefore permissible only if the property owner is afforded the right to maintain an action to recover the taxes paid. Smotkin v. Peterson, 73 Ariz. 1, 5, 236 P.2d 743, 745 (1951). Once this substantive right has vested upon proper filing, it cannot be impaired. Cf. Hall v. A.N.R. Freight System, Inc., 149 Ariz. 130, 141, 717 P.2d 434, 445 (1986) (finding defense of contributory negligence to be a substantive right that vests when it is actually assertable as a legal defense). A property owner who has paid his taxes as required by statute must therefore have the right to recover the taxes alleged to have been improperly collected, and the court must necessarily retain jurisdiction to hear his claim.
The second form of relief typically sought is prospective: an order that the assessor correct the value of the property on the tax roll. Here, beyond question, the interest of the new owner is paramount; the original owner has no stake in the outcome. The new owner would therefore be well-advised to participate in the case through one of the avenues provided by the rules of civil procedure. The question presented here is whether this is a condition of the court's jurisdiction. The County argues that this Court *391 does sometimes lose its jurisdiction over pending cases, and can do so under these circumstances. As an example, the County points to A.R.S. § 42-16210(B) as an example of the legislature imposing a continuing duty on the part of the plaintiff to pay taxes as they come due and stripping the court of jurisdiction should the taxes become delinquent: "If the taxes are not paid before becoming delinquent, the court shall dismiss the appeal...." Significantly, however, no analogous language can be found in A.R.S. § 42-16201. That statute addresses who may bring an appeal, not who may maintain an appeal once brought. Once an appeal is properly filed by the property owner, and subject to the continued timeliness of tax payments, nothing in the text of the statute prevents that appeal from proceeding to its resolution.
This conclusion is consistent with prior case law, in particular Federal Deposit Ins. Corp. v. Maricopa County, 175 Ariz. 128, 854 P.2d 161 (Tax 1993). In that case, both the original and new owners of a piece of property filed appeals for the same tax year; one was appealing the classification and one the valuation, but this was of no consequence to the decision. The court found that the original owner alone was permitted to bring and maintain the appeal; the new owner had the right under Rule 24(a) to intervene in the original owner's suit, but his independent action was dismissed. While the County appears to be correct that the issue of jurisdiction was not raised by the parties in that case, every court must examine its jurisdiction sua sponte if necessary. See, e.g., Osuna v. Wal-Mart Stores, Inc., 214 Ariz. 286, 289 n. 2, 151 P.3d 1267, 1270 n. 2 (App.2007). The court, presumably having performed that duty, expressed no doubt of its jurisdiction; nor did it consider the possibility that, the original owner having sold the property, its suit was now outside the court's jurisdiction and therefore a nullity, thus posing no obstacle to the new owner's suit.
Based on both the statutory language and the case law, this Court is persuaded that substitution or joinder of Klondike, however desirable, is not a jurisdictional requirement; the case may proceed in its absence.[3] The Court points out that, should the County believe that Klondike is for whatever reason an indispensable party, it is free to seek its joinder as an involuntary plaintiff under Rule 19(a), Ariz.R.Civ.P.

Request for Sanctions
In its Response, Maracay Thunderbird has requested its attorneys' fees as sanctions pursuant to A.R.S. § 12-349, claiming that the County's motion was frivolous and not filed in good faith. The Court agrees with the County, however, that notwithstanding the fact that this issue was not typically raised by the County until recently, its argument was taken in good faith. The County is correct that Rule 11(a), Ariz.R.Civ. P., allows a party to make "a good faith argument for the extension, modification, or reversal of existing law," and the Court finds that the County has done so here. Accordingly, the Court does not find that sanctions are warranted.

Conclusion
In sum, the Court holds that where a property tax appeal is appropriately filed by a property owner, this Court is not divested of jurisdiction over that appeal as a result of a subsequent sale of the real property to another owner. The Court finds that this result holds true regardless of whether the subsequent owner joins the case as a party. Accordingly,
IT IS HEREBY ORDERED denying the County's Motion to Dismiss for Lack of Subject Matter Jurisdiction.
IT IS FURTHER ORDERED denying Maracay Thunderbird's request for attorneys' fees pursuant to A.R.S. § 12-349.
*392 Because the Court finds the jurisdictional issue raised by this case to be of general public interest, and an issue that is somewhat likely to recur absent clear, binding legal precedent,[4] the Court designates this decision for publication pursuant to A.R.S. § 12-171.[5]
NOTES
[1] The Court notes that this was the last day that Maracay Thunderbird could file its appeal for tax year 2009. A.R.S. § 42-16201(A).
[2] Arizona law permits both a refund claim and a claim for erroneous classification and/or valuation to be brought in the same action. Department of Property Valuation v. Salt River Project Agric. Imp. & Power Dist., 113 Ariz. 472, 473-74, 556 P.2d 1134, 1135-36 (1976).
[3] As Rule 24(a), Ariz.R.Civ.P., requires only "timely application," Klondike may possibly intervene yet. The requirement of timeliness is a flexible one, and the most important consideration is whether any delay in seeking intervention will prejudice the existing parties. Winner Enterprises, Ltd. v. Superior Court, 159 Ariz. 106, 109, 765 P.2d 116, 119 (App.1988). Here, the County has not suggested the existence of any prejudice to this point. Nonetheless, even if Klondike fails to intervene, the Court finds that its jurisdiction is unaffected.
[4] In fact, there are multiple similar motions to dismiss pending in the Arizona Tax Court at this time.
[5] This published decision is not intended to operate as an appealable judgment. Devenir Associates v. City of Phoenix, 169 Ariz. 500, 821 P.2d 161 (1991).