No. 2,224.

FELIX BACHMAN, Respondent, v. JOSE DEL CARMEN SEPULVEDA AND JOSE DOLORES SEPULVEDA, Appellants.

FRAUDULENT CONVEYANCE.—CREDITOR'S BILL.—JUDGMENT.—In an action brought against the grantee, to set aside a conveyance made by a deceased debtor, on the ground that it was made to hinder and delay creditors, to which the representative of the deceased debtor was not a party, it is error to render a judgment declaring a trust against the grantee and in favor of the estate of the grantor.

PLEADINGS.—JUDGMENT.—The judgment must accord with, and be warranted by, the pleadings of the party in whose favor it is rendered.

IDEM.—A judgment that is not supported by the pleadings is as fatally defective as one which is not sustained by the evidence.

UNUSUAL PRACTICE.—It is an anomaly in practice to render judgment in favor of a party who is not before the Court, and is not represented in any manner in the action.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

The case is stated in the opinion.

*Kewen & Howard,* for Appellant.

*Glassel, Chapman & Smith,* for Respondent.

RHODES, C. J., delivered the opinion of the Court:

Bachman & Co. obtained judgment in 1867 against Juan Maria Sepulveda and another, for a sum of money, and a part of that sum was made upon execution issued on the judgment, and the remainder still remains due and unpaid. In 1862, Juan Maria conveyed the Rancho San Vicente to his mother, and in 1863 she conveyed two thirds of the rancho to Carmen Sepulveda, and one third to Jose Dolores Sepulveda. Juan Maria died October 5, 1868, and neither letters

testamentary nor of administration upon his estate have been issued. This action was commenced soon after the death of Juan Maria, by Bachman, the assignee of the judgment, against Carmen and Jose Dolores, and the widow and children of Juan Maria, deceased. It is alleged in the complaint that these conveyances were made without any consideration, and for the purpose of hindering, delaying and defrauding the creditors of Juan Maria, and the plaintiff prays that those conveyances be declared fraudulent and void, and the land adjudged liable for the payment of the amount due on his judgment. The Court rendered judgment for the plaintiff, whereby it was adjudged that Carmen acquired the title to one third of said rancho, in trust for Juan Maria, and now holds the same in trust for the estate of Juan Maria, deceased, subject to the payment of the indebtedness of the estate; and it was further adjudged that the plaintiff is at liberty to move in the Probate Court for the appointment of an administrator of said estate, and to proceed in said Court for the allowance of his indebtedness, and for the sale of the one third of the rancho.

We deem it necessary to notice only a few of the numerous points which have been presented by counsel. The leading issue in the case is the fraudulent intent in the execution of the conveyances; and the judgment is the declaration of a trust against one of the grantees, and in favor of the estate of the grantor. The allegations of the complaint do not support the judgment. A judgment that is not supported by the pleadings is as fatally defective as one which is not sustained by the verdict or finding. The judgment must accord with, and be warranted by the pleadings of the party in whose favor it is rendered.

But there is a more serious obstacle in the case, which completely bars the way, and which we cannot overlook without wilfully closing our eyes. The judgment, as already stated, declares a trust, as to the one third of the Rancho San Vicente, in favor of the estate of Juan Maria, deceased, and not yet only was the estate *not* before the Court, but, according to the complaint, the first step had

not been taken to procure the appointment of a representative of the estate. It is an anomaly in practice, to render judgment in favor of a party who is not before the Court, and is not represented in any manner in the action. It will be no answer to say, that the adjudication will inure to the benefit of the plaintiff. If the plaintiff would collect his debt out of the estate, the first step is to procure the appointment of an administrator, and the administrator will pay the debt, if it is a valid claim, in the due course of administration; but when he is appointed he cannot avail himself of this judgment, for as to it, he is neither party nor privy.

The last portion of the judgment authorizing the plaintiff to move for the appointment of an administrator, etc., is wholly unauthorized by the statute or any rule of law.

Judgment reversed.