[Civil No. 3967.   Filed May 23, 1938.]

[79 Pac. (2d) 520.]

JOHN SAXMAN, as Administrator of the Estate of CHARLES CRISMON, Deceased, Appellant, v. FRIDA O. A. CHRISTMANN, Individually, and FRIDA O. A. CHRISTMANN, as Executrix of the Last Will and Testament of WALTER FRED CHRISTMANN, Deceased, and SALT RIVER VALLEY WATER USERS' ASSOCIATION, Appellees.

Messrs. Dougherty & Dougherty, Mr. Darrell R. Parker and Mr. J. A. Riggins, for Appellant.

Mr. D. B. Morgan, for Appellee Christmann.

Messrs. Sloan, Scott & Green, for Appellee Salt River Valley Water Users' Association.

ROSS, J.—Originally this was an action to quiet title to mining claims, located on the Tonto National

Forest Reserve created by proclamation of the President on February 10, 1909. The plaintiff, John Saxman, as administrator of the estate of Charles Crismon, deceased, commenced the action. The defense to the action was that defendant Frida O. A. Christmann, individually and as executrix of the last will and testament of Walter Fred Christmann, deceased, had been given a ''Special Use Permit'' by the United States Forest Service to occupy and mine the ground plaintiff claimed. The defendant in her answer asked affirmative relief by way of quieting her title against plaintiff. The Salt River Valley Water Users' Association asked for permission to intervene and, the right to do so being granted, filed an answer to plaintiff's complaint.

The parties will be referred to as they were in the lower court.

On the day before the trial plaintiff voluntarily moved that his complaint be dismissed without prejudice, which motion was granted.

It will not be necessary to advert to the intervention any more for the reason that the intervener was given no relief and does not appeal.

The case was tried before the court without a jury on the answer of defendant, in which she prayed to have her title quieted, and plaintiff's general denial of such answer. Judgment was given to defendant quieting her title, and the plaintiff has appealed.

▮▮▮ The questions propounded are several in number but many of them are collateral to the main case and of academic interest only. It is only necessary to decide one of the various questions and that is, did the court have jurisdiction to enter the judgment quieting defendant's title? This can be determined from the pleadings. The only right she has, according to the record, is that conferred by a ''Special Use Per-

mit'' from the government, which, so far as material, reads:

"Permission is hereby granted to Frida O. A. Christmann, Executrix for the Estate of Walter F. Christmann, Tucson, Arizona, to use the following-described lands: S½ Lots 9 and 10, Sec. 4; S½ Lot 9 and the NE¼SE¼ Sec. 5; Lots 11 and 12, E½SW¼, W½NW¼SE¼ and the SW¼SE¼ Sec. 4, T. 2 N., R. 7-E., Gila and Salt River Meridian, containing 285.65 acres, within the First Form Reclamation Withdrawal, for the purpose of necessary construction of such buildings, houses for employees, and all other equipment for mining and shipping from above lands, barium for commercial purposes, subject to the following conditions:

. . . . . . . . . . . . .

"21. The permittee accepts this permit with the understanding that it is temporary in character and may be revoked at any time if the area is needed by the Salt River Valley Water Users' Association, or such time as occupancy may otherwise be legalized, possibly by elimination from the Reclamation withdrawal, and location under the mining law.

"22. In the event that this temporary permit is revoked or cancelled, either for violation of the terms of the permit or on account of the land being needed by the Salt River Valley Water Users' Association, or upon abandonment by the permittee, all buildings and equipment to be removed and the grounds cleaned up to the satisfaction of the forest officer in charge, within sixty days from notice to perform same. . . . "

The nature and legal effect of this instrument are to be determined by its wording and its evident purpose. It is a form used by the government to extend privileges to its citizens applying to occupy, for limited purposes, lands withdrawn from entry under the public land laws. It is so worded that it is not necessary to speculate as to its meaning. It authorizes the permittee "to use" the lands, and defines such use to be for the purpose of the necessary construction of

such buildings, houses for employees, and all other equipment for mining and shipping from the lands barium for commercial purposes. Throughout the instrument the occupancy is referred to as a privilege or permission. The permit, we think, is a mere license, at most. It certainly is not a lease.

It is said in 17 Ruling Case Law 568, section 81:

"Whether an instrument is a license or lease depends generally on the manifest intent of the parties gleaned from a consideration of its entire contents."

Tested by this rule, there can be no question but that this permit is only a license to use the land. The rule applicable to this permit is well stated in 17 Ruling Case Law 570, section 83 as follows:

"A clearly defined distinction is drawn by the authorities between agreements which create a lease of the land for mineral purposes and those which are simply a license giving to the licensee authority to enter and operate for minerals. While under a lease an interest or estate in the land itself is created, under a license the licensee has no interest or estate in the land itself, but only in the proceeds, and in such proceeds, not as realty, but as personal property, and his possession is the possession of the owner. In general, a contract simply giving a right to take ore from a mine, no interest or estate being granted, confers a mere license, and the licensee acquires no right to the ore until he separates it from the freehold. . . . "

See, also, *Duff* v. *Keaton,* 33 Okl. 92, 124 Pac. 291, 42 L. R. A. (N. S.) 472.

Defendant's use permit gives her no interest or estate in the land or its title. She is therefore not one of the parties authorized to maintain the action to quiet title for the reason that she has no title. Section 4356, Revised Code of 1928, reads:

"An action to determine and quiet the title to real property may be brought by anyone having, or claim-

ing, an interest therein, whether in or out of possession of the same, against any person, or the state of Arizona, when such person or the state claims any estate or interest, adverse to the party bringing the action, in the real property, *the title to which is to be determined or quieted by the action.* When the state is made defendant a copy of the summons and complaint shall be served upon the attorney general." (Italics ours.)

Section 4357, Id., requires that the plaintiff describe in his complaint the premises the title to which he desires quieted and the nature and extent of his estate therein.

██ The subject matter of an action to quiet title is the title and not the land. The interest to be quieted is in the title. One having no title or claiming no title to or in the property cannot bring the action. For instance, a mortgagee, or a lienor for wages or materials furnished, or a judgment lien creditor, has an interest in the property but not in the title. Such encumbrancers cannot maintain an action to quiet title, for they have no title. A party to maintain the action must have a claim or interest in the title. In *Stanton* v. *Catron,* 8 N. M. 355, 45 Pac. 884, 888, the court said:

"The allegation and proof of title have ever been the basis of this form of action in courts of equity prior to the adoption of the statutes in the several states upon this subject. It has ever been the title of the plaintiff which he has sought to have quieted against the demands of an adverse interest. It is his title which is the groundwork of the action. Can it be said that the legislature, in their enactment of these statutes to quiet title, have done away with the necessity of alleging and establishing the very thing which they intend the court shall determine and quiet, to wit, the title of the plaintiff?"

██ The facts set out in defendant's answer conclusively show that she has no estate or interest in

the title to the land but that her rights are limited to the use thereof for mining purposes only. Whether the plaintiff has any title or interest in the land by virtue of his mining locations is entirely immaterial. In this kind of action it is necessary that the successful party establish his title. He cannot recover on the weakness of his adversary's title. The rule in that respect is well stated in *Williams* v. *City of San Pedro,* 153 Cal. 44, 94 Pac. 234, wherein it is said (page 236):

"It is elementary that a plaintiff in an action to quiet title cannot prevail unless he shows title in himself. If he has no title, he cannot complain that some one else, also without title, asserts an interest in the land. [Citing cases.] A defendant in such an action may always effectually resist a decree against himself, by showing simply that the plaintiff is without title."

Of course the defendant under the use permit has rights that the law will protect, but her rights are not such as to entitle her to maintain the present action. If her occupancy or possession of the premises is wrongfully invaded, she can resort to the action of forcible entry and detainer as she or her predecessor in interest did as shown in *Crismon* v. *Christmann,* 44 Ariz. 201, 36 Pac. (2d) 257.

The judgment of the lower court is reversed and the cause remanded with directions to dismiss the action.

McALISTER, C. J., and LOCKWOOD, J., concur.