281 P.2d 792

William H. McDONNELL and Lillian E. McDonnell, Appellants,

v.

SOUTHERN PACIFIC COMPANY, a Kentucky corporation; Southern Pacific Company, a Delaware corporation; and Southern Pacific Railroad Company, a Delaware corporation, Appellees.

No. 5762.

Supreme Court of Arizona.

April 5, 1955.

Ellis & Sult, Eloy, and Raymond E. Peterson, Casa Grande, for appellants.

Knapp, Boyle, Bilby & Thompson, and Richard B. Evans, Tucson, for appellees.

WINDES, Justice.

The appellants, plaintiffs below, filed suit to quiet title to land in the townsite of Toltec, Arizona, against Southern Pacific Company, a Kentucky corporation, Southern Pacific Company, a Delaware corporation, and Southern Pacific Railroad Company, a Delaware corporation. The two defendant Delaware corporations filed answer alleging nonexistence of the defendant Kentucky corporation; alleging the defendant Southern Pacific Railroad Company, a Delaware corporation, to be the owner in fee simple of the property described in the amended complaint subject to certain interests and encumbrances (not important herein) and subject to a lease to the Southern Pacific Company, a Delaware corporation; and alleging occupancy of the land under the lease by the Southern Pacific Company, a Delaware corporation. The answer alleged the source of title claimed in their answer to be a grant from the United States government and also alleged acquisition of title by adverse possession. The two defendant Delaware corporations also filed a counterclaim alleging ownership and seeking a decree quieting title in their behalf. Plaintiffs by reply put in issue defendants' claim of ownership.

The matter went to trial before the court sitting without a jury. Plaintiffs submitted prima facie proof of record title beginning with the issuance of a patent in 1916 through a series of mesne conveyances to the plaintiffs in 1948. The defendants then submitted evidence to establish the property in dispute was owned by the Southern Pacific Railroad Company, an Arizona corporation. The evidence indicated there is some kind of a lease, which is not of record, from the Arizona corporation to the Southern Pacific Company, a Delaware corporation, which is designated in the evidence as the operating company. The Southern Pacific Railroad Company, an Arizona corporation, was never made a party to the suit. The court rendered judgment reciting that it found that the Southern Pacific Railroad Company, an Arizona corporation, has held peaceable and adverse possession of the real property described in the amended complaint for more than ten years and adjudged that the Southern Pacific Railroad Company, an Arizona corporation, is the owner in fee simple and entitled to the possession of the disputed property. Plaintiffs appeal and their first assignment of error is the court's action in rendering judgment in favor of the Southern Pacific Railroad Company, an Arizona corporation, when it was not a party to the suit.

Our view is that this assignment is well taken. Defendant Delaware corporations attempt to justify the judgment upon the ground that if there is error, it is harmless for the reason that the burden was upon plaintiffs to prove they owned the property and since defendants proved, and the court

found, that a corporation not a party to the suit owned it, plaintiffs cannot be injured. Our case of Saxman v. Christmann, 52 Ariz. 149, 79 P.2d 520, relied upon by defendants, does not support their position. The foregoing case held that for a plaintiff to maintain a quiet title action, he must submit some proof showing title in himself. Therein an attempt was made to found a title upon a special use permit from the government which could not be the basis for a judgment establishing title. Herein plaintiffs submitted prima facie proof of title.

■■ Defendants suggest that pursuant to the provisions of section 21–520, A.C.A. 1939, the court has the power to add or drop parties to the litigation at any stage of the action upon such terms as are just and that had the court pursued the formality of adding the Southern Pacific Railroad Company, an Arizona corporation, as a party prior to the judgment, the result would have been the same. We fail to see how the result would be the same. For a judgment to be valid and binding upon the parties litigant, the parties affected must be either legally served with process or have voluntarily appeared and other parties to the action must have an opportunity to meet any issues presented. This judgment in favor of the Southern Pacific Railroad Company, an Arizona corporation, and against the plaintiffs is binding on no one.

■ A court has no jurisdiction to render a judgment in favor of one not a party to the suit. 30 Am.Jur., Judgments, section 35; 49 C.J.S., Judgments, § 28; Bachman v. Sepulveda, 39 Cal. 688; Dunlap v. Southerlin, 63 Tex. 38; Maurer v. International Re-Insurance Corp., Del., 95 A.2d 827. Parties cannot be brought into court and a valid judgment rendered for or against them by merely including them in the judgment. As was well said in Dunlap v. Southerlin, supra:

"Courts have no more power, until their action is called into exercise by some kind of pleading to render a judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient; * * *"

This principle was enunciated recently in Maurer v. International Re-Insurance Corp., supra.

■ The evidence indicates that there is a possibility that defendant Southern Pacific Company a Delaware corporation, may have an interest in the property in question by reason of some kind of a lease from the Southern Pacific Railroad Company, an Arizona corporation, but its rights, if any, under such lease were not and could not be directly settled and confirmed by the judgment rendered. The fact that because of the relationship of the parties the absent party in all probability will not object to the decree in its favor and indirectly in favor of its lessee is not controlling. The absent

party if it chose could successfully ignore the judgment and relitigate its rights between either the plaintiffs or its lessee.

Reversed and remanded with instructions to set aside the judgment and give either party the opportunity to bring into the action the Southern Pacific Railroad Company, an Arizona corporation, and allow opportunity to retry any issues that might be created thereby.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.