3 P.3d 1024

**Robert FREDERIKSON, Elvera Anselmo, and Theodore C. Jarvi and Leslie Hall, husband and wife, Plaintiffs–Appellants,**

v.

**MARICOPA COUNTY, a political body of the State of Arizona, Defendant–Appellee.**

No. 1 CA–TX 98–0018.

Court of Appeals of Arizona, Division 1, Department T.

Nov. 26, 1999.

Theodore C. Jarvi, Tempe, for Plaintiffs–Appellants.

Richard M. Romley, Maricopa County Attorney by Susan L. Hable, Deputy County Attorney, Phoenix, for Defendant–Appellee.

## OPINION

THOMPSON, Judge.

¶ 1 This appeal presents a question of first impression concerning the meaning of Ariz. Rev.Stat. Ann. (A.R.S.) § 42–16205(B) (1999), formerly A.R.S. § 42–221.01 (Supp.1998).[1] We have jurisdiction pursuant to A.R.S. §§ 120.21(A)(1) and 12–2101(B) and (F). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Campfire Council of Greater Arizona, a nonprofit corporation, owned real property in Maricopa County. In early 1996 the Maricopa County Assessor (assessor) valued the property at $442,500.00 for tax year 1997 and classified it as vacant land in class four. *See* A.R.S. § 42–12004. Because Campfire Council was exempt from ad valorem taxes on its property, the assessor did not mail notice of the valuation and classification to Campfire Council.

¶ 3 In September 1996 appellants Frederikson, Anselmo, Jarvi, and Hall (taxpayers) bought Campfire Council's property for $245,000.00. Under A.R.S. § 42–16201(A), the last day on which a tax court appeal from a valuation or classification of property for tax year 1997 can generally be filed was December 15, 1996. The taxpayers were unaware of the 1997 valuation or classification of the property and did not appeal by that date.

¶ 4 In February 1997 the taxpayers received the assessor's notice of value for tax year 1998. The notice assigned to the taxpayers' property a full cash value of $442,500.00 as vacant land in class four.

---

1. Section 42–16205(B) provides: "A new owner of property that was valued by the assessor and whose valuation was not appealed by the former owner of the property may appeal the valuation to court on or before December 15 of the year in which the taxes are levied."

Former A.R.S. § 42–221.01(B) was nearly identical in substance to A.R.S. § 42–16205(B). For the convenience of the reader and future application of this opinion, we refer to the pertinent statutes by their current designations unless reference to the former designation is necessary for clarity.

¶ 5 The taxpayers appealed the 1998 valuation and classification to the assessor under the predecessor of A.R.S. § 42–16201(B).[2] As a result, in June 1997 the assessor revalued the parcel for tax year 1998 at $245,000.00 with a mixed class four and six assessment ratio.

¶ 6 In September 1997 the taxpayers received the assessor's bill for the 1997 taxes on the property. The bill was based on the 1997 tax year valuation of $442,500.00 that the assessor had determined in early 1996 while Campfire Council still owned the property. On December 15, 1997, the taxpayers filed their complaint/notice of appeal in the tax court.

¶ 7 Maricopa County (county) moved to dismiss the action on the theory that the taxpayers had filed it beyond the statutory time and thus had failed to confer jurisdiction on the tax court. The motion was argued and granted. Ruling for the county, the tax court explained:

Pursuant to A.R.S. §§ 42–176 [3] and 42–246(A),[4] a person dissatisfied with the valuation or classification of his property must appeal to the tax court on or before December 15 of the valuation year. The valuation year for the 1997 property taxes was 1996. Therefore, the deadline for filing an appeal for their 1997 property taxes was December 15, 1996. A.R.S. § 42–221.01(B) does not assist Plaintiffs because Plaintiffs purchased the property in September of 1996, prior to the deadline of December 15, 1996.

Plaintiffs having failed to appeal on or before the statutory deadline, this court is without subject matter jurisdiction to entertain this appeal.

¶ 8 The taxpayers moved unsuccessfully for a new trial and appeal from the judgment and the tax court's order denying the motion for new trial.

## DISCUSSION

■ ¶ 9 The taxpayers contend that the tax court erred as a matter of law in holding that their complaint/notice of appeal was untimely filed. They point out that under A.R.S. § 42–16205(B) a "new owner" may appeal the valuation of property on or before December 15 of the year in which the tax was levied,[5] which in this case was 1997. The taxpayers assert that "[n]ew owners are those that do not own the property when it is valued pursuant to A.R.S. § 42–221." [6] The taxpayers reject the county's contention that a "new owner" within A.R.S. § 42–16205(B) is one who acquired the property after December 15 of the valuation year. The taxpayers accuse the county of adding and subtracting requirements that the statute's language does not justify. They urge:

... If this is what lawmakers had intended surely their language would have so indicated. Tellingly, the statute does not have the restrictions the County would impose. The statute's language does not contemplate that the extended time for appeal was limited to new owners that purchased in the year of the levy or after December 15 in the year of the valuation. Rather, a fair reading of the statute is that when a property has been valued pursuant to A.R.S. § 42–221 and the property is then sold the new owners have an expanded appeal date to December 15 of the year the taxes are collected, the year of the levy.

The scheme envisioned by the statute assures new owners have actual notice of the tax being levied since they would re-

---

**2.** *See* former A.R.S. § 42–221(D) (Supp.1998).

**3.** Now A.R.S. §§ 42–16168, 42–16169, and 42–16203.

**4.** Now A.R.S. § 42–16201.

**5.** The levy takes place "[o]n or before the third Monday in August each year." A.R.S. § 42–17151(A). The governing body of the county fixes, levies, and assesses the amount to be raised from primary property taxation and secondary property taxation. *See* A.R.S. § 42–17151(A)(1).

Added to that amount are other sources of revenue and unencumbered balances from the preceding fiscal year to determine the current fiscal year's proposed budget. *See id.* The county governing body also designates the amounts to be levied for each stated purpose in the adopted budgets and determines tax rates. *See* A.R.S. § 42–17151(A)(2) and (3).

**6.** Now A.R.S. § 42–13051(B).

ceive their tax bill several months before the December 15 cut off date in the year of levy. Such a system is rational and fair. We do not agree with the taxpayers' analysis.

¶ 10 The core question here is what the legislature meant by the term "new owner" in A.R.S. § 42–16205(B). Contrary to the taxpayers' urging, we cannot resolve this appeal simply by applying the statute's "plain meaning." "New owner" is a highly relative term. At some time or other, everyone is the "new owner" of each item of property he or she has ever owned. How long he or she may be said to retain that status will necessarily vary according to the context in which the term "new owner" is used. For example, a family purchasing a year-old station wagon from another may still be viewed as the "new owner" five days thereafter, but after a few months merely as its "owner." On the other hand, a family buying a home from a long-term resident in an established, close-knit neighborhood may continue to be viewed as the "new owner" of the home for years in the future. In A.R.S. § 42–16205(B), as in every other usage, the meaning of the term "new owner" is uncertain and therefore ambiguous when considered in isolation. *See Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶ 11 To determine the meaning and effect that the legislature intended for an ambiguous statute, we must construe it so that we achieve the general legislative goals that can be adduced from the body of legislation in question. *See Dietz v. General Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991). In doing so, we may examine the statute's language, its context, its subject matter, its effects and consequences, and its spirit and purpose. *See Tobel v. State*, 189 Ariz. 168, 174, 939 P.2d 801, 807 (App.1997). The legislature is presumed to be aware of case law interpretations of statutes. *See Wareing v. Falk*, 182 Ariz. 495, 500, 897 P.2d 1381, 1386 (App.1995).

¶ 12 The legal context in which A.R.S. § 42–16205(B) operates includes several key principles applicable here. First, only the record owner of property may appeal its valuation or classification for ad valorem taxation purposes. *See Maricopa County v. Superior Court*, 170 Ariz. 248, 251–55, 823 P.2d 696, 699–703 (App.1991); *Federal Deposit Ins. Corp. v. Maricopa County*, 175 Ariz. 128, 130, 854 P.2d 161, 163 (Tax Ct.1993). A person who purchases property after the opportunity to appeal has expired is bound by the action or inaction of his vendor and has no due process right to an extension of the appeal time. *See Forum Dev., L.C. v. Ariz. Dep't of Revenue*, 192 Ariz. 90, 98–99, 961 P.2d 1038, 1046–47 (App.1997), *review denied* (Sept. 10, 1998). Additionally, a person who acquires property at a time when an opportunity for a valuation or classification appeal still exists but fails to take advantage of it due to ignorance has not been denied statutory appeal rights and will not be relieved of the consequences of his or her own inaction. *See id.* at 92, 99 n. 4, 961 P.2d at 1040, 1047 n. 4 (taxpayer who acquired property thirteen days before appeal deadline for 1996 tax year and failed to file appeal until after expiration of deadline had "allowed [its] statutory appeal rights to lapse" and could not later bring action on theory that tax was "illegally collected" within former A.R.S. § 42–204(C)).[7] In other words, ignorance of an unexpired statutory deadline for a valuation or classification appeal will not excuse recent purchasers' failures to meet it, and it is the responsibility of the purchasers to determine from the statutes and the public record whether they wish to appeal a valuation or classification decision and how long they have to do so.

¶ 13 Section 42–16205(B) grants the "new owner" of property up to a full year beyond the regular deadline within which to file a tax appeal.[8] Even in the face of *Forum Development*, in the 1998 and 1999 legislative sessions the legislature left both the normal

---

7. Now A.R.S. § 42–11005(A).

8. In contrast, the unextended statutory deadline allows only about eight months for filing a tax

court valuation or classification appeal. *See* A.R.S. §§ 42–16201 through 42–16204.

**108**

appeal deadline and the full-year extension wholly intact.[9] The most rational inference is that the legislature intended all along for A.R.S. § 42–16205(B)'s extended appeal deadline to benefit only taxpayers who would otherwise have no recourse at all from the valuation or classification determined by the assessor. Based on the governing case law, this taxpayer group includes only those who buy property after December 15 of the valuation year but on or before December 15 of the tax year. In our opinion, these are the only taxpayers that the legislature intended to qualify as "new owner[s]" within A.R.S. § 42–16205(B).

¶ 14 For the 1997 tax year, only taxpayers who purchased property between December 16, 1996 and December 15, 1997 qualified as "new owner[s]" entitled to file tax court appeals. The taxpayers before this court bought their property in September 1996. They did not file their complaint/notice of appeal until December 15, 1997. The tax court did not err in granting the county's motion to dismiss.

## CONCLUSION

¶ 15 We affirm the judgment of the trial court.

CONCURRING: E.G. NOYES, Jr., Presiding Judge, and JEFFERSON L. LANKFORD, Judge.

9. Moreover, the only change that the legislature made in A.R.S. § 42–16205 was to amend subsection A of that statute to *reduce* the time within which a taxpayer may appeal a change in assessment due to new construction, additions to or deletions from assessment parcels, or changes in property use. *See* 1998 Ariz. Sess. Laws ch. 1, § 254.