231 P.3d 953 (2010)
Robert Ong HING and Alice Y. Hing, his wife
v.
MARICOPA COUNTY.
No. TX 2009-000536.
Tax Court of Arizona.
May 4, 2010.
*954 Stockton and Hing by Gregory Ong Hing, Scottsdale, for plaintiff.
Maricopa County Atty. by Jean Weaver Rice, Phoenix, for defendant.

OPINION
DEAN M. FINK, Judge.
The Court has considered Maricopa County's Motion to Dismiss.

Facts
The facts are quickly stated. Plaintiffs own real property in Maricopa County. It is not contested that the county assessor provided timely notice of valuation for tax year 2009 on or before March 1, 2008, and that taxes were levied on the property based on that valuation. Plaintiffs appealed the valuation to this Court on November 25, 2009.

Issue
The only issue is the correct interpretation of A.R.S. § 42-16201(A), which establishes a deadline of December 15 for a direct appeal to the court: does that mean December 15 of the year in which the property is valued (here 2008) or December 15 of the year for which the taxes are levied (here 2009)?

Analysis
A.R.S. § 42-16201(A) does not state explicitly to which December 15 it refers. However, the answer is evident from the overall statutory scheme and from case law. "It is a basic principle of statutory construction that tax statutes relating to the same subject should be read together and construed as a whole." Arizona Dep't of Revenue v. Maricopa County, 120 Ariz. 533, 535, 587 P.2d 252, 254 (1978). The Court must also construe A.R.S. § 42-16201 so as not to leave any other statutory provision inert, trivial or redundant. See, e.g., Airport Properties v. Maricopa County, 195 Ariz. 89, 96, 985 P.2d 574, 581 (App.1999).
A.R.S. § 42-15101(A) requires the county assessor to provide the property owner with notice of the property's assessed full cash value and classification not later than March 1 of each year. A.R.S. § 42-16201(A) permits a "property owner who is dissatisfied with the valuation or classification of the property as determined by the county assessor" to appeal on or before December 15. Reading these two statutes in pari materia, the natural meaning is that the valuation and classification with which the property owner is dissatisfied may be appealed on or before the December 15 immediately following the March 1 on which they are communicated to the owner, not a more distantly removed December 15. This is supported by A.R.S. § 42-16205(B), in which the legislature set the deadline for owners who purchase their property after December 15 of the valuation year as "December 15 in the year the taxes are levied." Specification of that particular December 15 suggests that the earlier non-specific references to December 15 are to a different December 15, which must be December 15 of the valuation year. Moreover, Plaintiffs' interpretation would make A.R.S. § 42-16205(B) redundant, as December 15 of the year in which the taxes are levied would be the deadline for every property owner, not just for new owners.
Plaintiffs point to Pesqueira v. Pima County Assessor, 133 Ariz. 255, 650 P.2d 1237 (App.1982); Rio Rico Properties, Inc. v. Santa Cruz County, 172 Ariz. 80, 834 P.2d *955 166 (Tax 1992); and Read v. Arizona Dep't of Revenue, 166 Ariz. 533, 803 P.2d 944 (Tax 1991), each of which held that the appeal deadline fell in the tax year. But these cases all predated the legislature's comprehensive revision of taxation procedures in 1994-95 (recodified under the present numbering in 1997). The Court of Appeals examined the effect of this revision on the appeal deadline in Forum Development, L.C. v. Arizona Dep't of Revenue, 192 Ariz. 90, 94, 961 P.2d 1038, 1042 (App.1997), and found that the new statute sets the deadline for a dissatisfied owner to file an appeal with the Tax Court (except for those new owners to whom what is now A.R.S. § 42-16205(B) applies) as December 15 of the valuation year. Frederikson v. Maricopa County, 197 Ariz. 104, 105, 3 P.3d 1024, 1025 (App.1999), is in accord: "Under A.R.S. § 42-16201(A), the last day on which a tax court appeal from a valuation or classification of property for tax year 1997 can generally be filed was December 15, 1996." The court explained: "Even in the face of Forum Development, in the 1998 and 1999 legislative sessions the legislature left both the normal appeal deadline and the full-year extension wholly intact. The most rational inference is that the legislature intended all along for A.R.S. § 42-16205(B)'s extended appeal deadline to benefit only taxpayers who would otherwise have no recourse at all from the valuation or classification determined by the assessor.... [T]his taxpayer group includes only those who buy property after December 15 of the valuation year but on or before December 15 of the tax year." Id. at 107-08, 3 P.3d at 1027-28 (footnote omitted). For all other owners, the deadline falls "about eight months" after the assessor's notice on March 1, that is, in the valuation year. Id. at 108 n. 8, 3 P.3d at 1028 n. 8.
Assuming arguendo that A.R.S. § 42-16201(A) was ambiguous when it was enacted, Forum Development and Frederikson eliminate the ambiguity. When an appellate court interpretation of a statute is published, it becomes part of the statute. Galloway v. Vanderpool, 205 Ariz. 252, 256, 69 P.3d 23, 27 (2003). Consequently, to the extent that the courts have construed it, the statute is no longer ambiguous. State v. Fell, 210 Ariz. 554, 560-61, 115 P.3d 594, 600-01 (2005). Forum Development and Frederikson leave no doubt that, except where A.R.S. § 42-16205(B) applies, the deadline to file a direct appeal of the valuation and/or classification of property is December 15 of the valuation year, not December 15 of the tax year.
Plaintiffs assert that the cited language from Forum Development and Frederikson was dictum and thus not binding. Both cases addressed eligibility for the special deadline of December 15 in the tax year in A.R.S. § 42-16205, not the general deadline of December 15 in the valuation year in A.R.S. § 42-16201. But because the taxpayers in those cases were found not to qualify for the Section 16205 deadline, they were necessarily subject to Section 16201, and interpretation of the latter was necessary for the court to determine the date by which the appeal would have to have been filed for the court to have jurisdiction. The language was therefore not dictum.[1] However, as it seems that the distinct procedural posture of those two cases has resulted in confusion as to the general rule, the Court designates this opinion for publication pursuant to A.R.S. § 12-171.

Conclusion
To find the deadline in A.R.S. § 42-16201(A) to be December 15 of the tax year, the Court would have to ignore the natural implication of the statutory language, its interpretation by the Court of Appeals in Forum Development and Frederikson, and the legislature's silence in the face of those precedents. This the Court cannot do. For purposes of A.R.S. § 42-16201(A), the December 15 deadline means December 15 of the valuation year.
*956 Therefore, Plaintiffs' appeal is untimely. Maricopa County's Motion to Dismiss is granted.
IT IS ORDERED dismissing this matter with prejudice.
The Court signs this minute entry as its final, appealable judgment of dismissal.
NOTES
[1] Even if the language of the two appellate cases were dictum, this Court finds that the statutory context compels the same holding.