NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

BIEL PROPERTIES, LLC, an Arizona limited liability company;
JONATHA A. BROWN, LLC, an Arizona limited liability company;
BUNNY MONEY, LLC, an Arizona limited liability company; CATHY
DANIELS, Trustee of THE LUTHER JAY DANIELS AND CATHY ANN
DANIELS REVOCABLE TRUST DATED AUGUST 28, 1996, a trust;
ENTRUST FBO TIM KOLACNY IRA # 11384; JOHN HICKS and TROY
STINE, individuals; DIANA ROBERTS KAY, Trustee of the NICHOLAS L.
KAY TRUST DATED AUGUST 14, 1996, a trust; PENSCO TRUST
COMPANY CUSTODIAN FBO KAREN L. WENGER IRA 'PENSCO
ACCOUNT # WEIEG'; CONSTANCE M. QUICKLE, Trustee of THE
QUICKLE FAMILY TRUST, a Trust; SCHRIER INVESTMENTS, LLC, an
Arizona limited liability company; RICHARD and CINDI SCHUSTER,
husband and wife; MAUREEN SEIFERT, an individual; SUZIE L.
STRADER, an individual; SWEET RETIREMENT FUND, LLC, an Arizona
limited liability company; THE FAST TRACK VENTURE, LLC, an
Arizona limited liability company; and ROBERT A. VIDEAN  FAMILY
REVOCABLE TRUST, a trust, *Plaintiffs/Appellants*,

*v.*

CRG PARTNERS, II, LLC, an Arizona limited liability company; MONTE
VISTA PARTNERS, LLC fka CRG PARTNERS III, LLC, an Arizona
limited liability company; RDP INVESTMENT GROUP, LLC, a Nevada
limited liability company; and KELLY FREEMAN, an individual,
*Defendants/Appellees*.

No. 1 CA-CV 14-0186
FILED 4-9-2015

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2010-081179, CV2012-017698
(Consolidated)
The Honorable David M. Talamante, Judge

**AFFIRMED**

———————————————

COUNSEL

Stratman Law Firm, PLC, Phoenix
By Troy B. Stratman, Emily H. Mann
*Counsel for Plaintiffs/Appellants*

Wilenchik & Bartness PC, Phoenix
By Dennis I. Wilenchik, Brian Hembd
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1        Appellants (Biel) appeal the dismissal of their complaint, which sought to quiet title to a parcel of real property located in Maricopa County, Arizona (the Property).  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In September 2007, RDP Investment Group, L.L.C. (RDP) entered into a Loan Agreement with Foundations Commercial, L.L.C. (Foundations), whereby Foundations agreed to provide RDP with a term loan of an amount up to $3 million, with an option for an additional $7 million, for the purpose of establishing a commercial sand and gravel operation.  The loan was to be secured by a Deed of Trust on the Property that named Foundations as the beneficiary.  The Deed of Trust was not to

---

[1]        In reviewing a motion to dismiss, we assume the truth of the well-pleaded facts of the complaint, and view them in the light most favorable to Biel.  *See Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 552, 905 P.2d 559, 561 (App. 1995) (citing *Mack v. McDonnell Douglas Helicopter Co.*, 179 Ariz. 627, 628, 880 P.2d 1173, 1174 (App. 1994)).  We may also consider matters of public record.  *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, L.L.C.*, 224 Ariz. 60, 64, ¶ 13, 226 P.3d 1046, 1050 (App. 2010).

become effective, however, until "after [RDP]'s receipt of 2.5 million dollars" from Foundations.

¶3             Thereafter, in January 2008, in a separate but related transaction, Biel loaned Foundations $1.75 million to fund a portion of its loan to RDP.  As part of the lending agreement with Biel, Foundations assigned to Biel a portion of its "rights to repayment" of the principal and interest due to Foundations under the Loan Agreement with RDP, its "rights of recourse against [RDP]," and its "rights to any collateral under the Loan Agreement" between Foundations and RDP.  No document memorializing this arrangement was ever recorded.

¶4             In April 2009, Foundations recorded the Deed of Trust, listing itself as both the trustee and beneficiary.  When RDP ultimately defaulted on the loan, Foundations effectuated an uncontested trustee's sale, and receiving no objection and no outside bids, obtained a Trustee's Deed that indicated it was the owner of the Property.  The remaining Appellees claim an interest in title to the Property pursuant to deeds recorded between August 2009 and February 2011.

¶5             In November 2010, RDP filed suit against Foundations, alleging Foundations never provided the $2.5 million required to trigger the attachment of the security interest in the Property, and thereby challenged the validity of the Deed of Trust and subsequent trustee's sale.  Foundations failed to appear and defend the action, and the trial court ultimately entered a default judgment in favor of RDP and against Foundations, expressly finding Foundations "never held a valid deed of trust or other security interest in the Property," and both the Deed of Trust and Trustee's Deed were "void and create[d] no valid interest in the Property."[2]

---

[2]        Biel argues we should disregard the judgment declaring the Deed of Trust and subsequent Trustee's Deed void, and instead accept as true the allegations of its complaint that Foundations foreclosed on the Property and became the record owner.  We need not reach this issue however, because even assuming Foundations acquired a valid security interest in the Property, we reject the assertion that the assignment to Biel of some portion of Foundations' rights as beneficiary under a Deed of Trust conferred to Biel an interest in title to the Property.

¶6            In December 2012, Biel filed a separate suit against Appellees,[3] alleging Biel had become a beneficiary under the Deed of Trust through the assignment of the right to repayment from Foundations, and sought (1) a judicial declaration of ownership of the Property, and (2) quiet title to the Property.[4] Appellees immediately filed a motion to dismiss Biel's complaint, arguing Biel lacked standing because it failed to establish an interest in title to the Property. The trial court agreed and granted the motion to dismiss Biel's complaint against Appellees in a signed Rule 54(b) judgment on January 21, 2014. Biel timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1)[5] and -2101(A)(1).

**DISCUSSION**

¶7            We review the dismissal of a complaint for failure to state a claim *de novo*. *Blankenbaker v. Marks*, 231 Ariz. 575, 577, ¶ 6, 299 P.3d 747, 749 (App. 2013). To maintain a quiet title action, a plaintiff must necessarily establish the nature and extent of his estate or interest in the subject property. A.R.S. § 12-1101(A) ("An action to determine and quiet title to real property may be brought by anyone having or claiming an interest therein . . . ."); *Saxman v. Christmann*, 52 Ariz. 149, 154, 79 P.2d 520, 522 (1938) ("The subject matter of an action to quiet title is the title and not the land. The interest to be quieted is in the title. One having no title or claiming no title to or in the property cannot bring the action."), *criticized on other grounds by Rundle v. Republic Cement Corp.*, 86 Ariz. 96, 101, 341 P.2d 226, 229 (1959). A mere avowal of title is insufficient to sustain a claim to title, and a complaint which sets forth facts that fail to establish the plaintiff's right to title fails to state a claim. *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 22 Ariz. 305, 307, 197 P. 227, 228 (1921).

¶8            Biel claims its interest in title arose through the assignment from Foundations of a portion of its security interest in the Property. We

---

[3]        The two cases were consolidated in May 2013.

[4]        Biel also brought claims against Foundations for negligence, misrepresentation, breach of fiduciary duty, and unjust enrichment, which are not at issue in this appeal.

[5]        Absent material revisions from the relevant date, we cite a statute's current version.

disagree that the facts, as alleged by Biel, confer standing to assert a claim to quiet title.

¶9          A deed of trust conveys legal title in real property to a third party — the trustee — to secure the performance of a contract.  A.R.S. §§ 33-801(8), -805; *Snyder v. HSBC Bank, USA, N.A.*, 873 F. Supp. 2d 1139, 1153 (D. Ariz. 2012).  The trustee holds legal title until the loan balance is paid or the security reclaimed. *See* A.R.S. § 33–801(8), (10); *Hatch Cos. Contracting, Inc. v. Ariz. Bank*, 170 Ariz. 553, 556, 826 P.2d 1179, 1182 (App. 1991) (explaining "deed of trust 'conveys' the trust property to a trustee who holds the property for the benefit of the beneficiary designated in the deed of trust").  In the interim, the trustee holds only "bare legal title — sufficient only to permit him to convey the property at the out of court sale."  *Eardley v. Greenberg*, 164 Ariz. 261, 264, 792 P.2d 724, 727 (1990) (quoting *Brant v. Hargrove*, 129 Ariz. 475, 480 n.6, 632 P.2d 978, 983 n.6 (App. 1981) (internal quotations omitted).  A deed of trust is therefore "'[i]n practical effect . . . little more than a mortgage with a power to convey upon default,'" *id.* (quoting *In re Bisbee*, 157 Ariz. 31, 34, 754 P.2d 1135, 1138 (1988)), and the two are treated similarly.  *See Brant*, 129 Ariz. at 480, 632 P.2d at 983 (agreeing with reasoning in *Hamel v. Gootkin*, 20 Cal. Rptr. 372, 374 (App. 1962), that it would be unrealistic to treat deeds of trust differently from mortgages, in determining whether a deed of trust defeated a joint tenancy, where the two "perform the same basic function").

¶10          Although the beneficiary under a deed of trust, like a mortgagee, may have an interest in the property itself, the fact remains he has no interest in the title.  *See Saxman*, 52 Ariz. at 154, 79 P.2d at 522.  "Such encumbrancers cannot maintain an action to quiet title, for they have no title."  *Id.*; *see also Berryhill v. Moore*, 180 Ariz. 77, 88, 881 P.2d 1182, 1193 (App. 1994) ("[A] mortgagee's interest does not attach to the title.  Rather, it attaches to the land.  Thus, under Arizona law, a mortgagee cannot bring an action to quiet title because the mortgagee has no title.") (internal citations omitted).

¶11          Moreover, even had Foundations rightfully acquired title to the Property as the beneficiary of the Deed of Trust, this still would not have transferred to Biel any interest in the title.  Rather, when the assignor of an interest in a deed of trust later acquires title through a foreclosure action, he does so for the benefit of the assignee, and only to the extent necessary to protect the assignment.  *Metcalf v. Phx. Title & Trust Co.*, 33 Ariz. 13, 21, 261 P. 633, 636 (1927); *cf. Read v. Ariz. Dep't of Rev.*, 166 Ariz. 533, 537-38, 803 P.2d 944, 948-49 (Tax Ct. 1991) (recognizing initiation of foreclosure proceedings did not change nature of lienholder's contingent ownership

interest), *superseded by statute on other grounds as stated in Hing v. Maricopa Cnty.*, 224 Ariz. 421, 423, 231 P.3d 953, 955 (Tax Ct. 2010). The taking "for the benefit of" the assignee does not equate to the transfer of *title* to the assignee. *See Metcalf*, 33 Ariz. at 21, 261 P. at 636; *cf.* A.R.S. § 33-703(B) (noting mortgagor who acquires title subsequent to execution of mortgage retains title for the benefit of mortgagee). Instead, it subjects the property to a lien, in favor of the assignee, in the amount of the note secured by the deed of trust. *Metcalf*, 33 Ariz. at 21, 261 P. at 636. Therefore, Biel, at most, had a right to claim a lien against the Property in the amount of the outstanding balance owed to Biel by Foundations. These facts do not, however, state a claim to title.

¶12        Biel argues, however, that it is an innocent victim entitled to relief as an "equitable beneficiary" under the Deed of Trust. Because Biel does not support this argument with citation to any relevant legal authority, and our research has uncovered none, we decline to address it. *See* ARCAP 13(a)(7)(A) (requiring brief of appellant contain "citations of legal authorities" in support of each issue presented for review); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009) (deeming waived issue not supported by authority in opening brief).

¶13        Biel also contends the trial court erred by failing to provide it opportunity to further amend its pleadings against Appellees before granting the motion to dismiss. Although Biel "reserved its right" to file an amended complaint at some unspecified future date, subject to compliance with Arizona Rule of Civil Procedure 15(a), within its reply to its objection to Appellees' motion for attorneys' fees and costs, it never sought leave to do so. While motions seeking leave to amend should be liberally granted, Ariz. R. Civ. P. 15(a)(1); *Dube v. Likins*, 216 Ariz. 406, 415, ¶ 24, 167 P.3d 93, 102 (App. 2007), the motion to amend must be filed before the court can entertain it, which never occurred here.

¶14        The remainder of Biel's argument focuses upon the propriety of Appellees' claimed interests in the title to the Property. However, because Biel does not have an interest in title to the Property, Biel lacks standing to challenge the interests of others. Indeed, the proponent of a claim to quiet title can only proceed "on the strength of his own title rather than the weakness of his adversary's." *Allison v. State*, 101 Ariz. 418, 421, 420 P.2d 289, 292 (1966) (citations omitted). We therefore reject these contentions.

¶15        Finally, although Biel did not separately brief the merits of its claim for declaratory relief on appeal, we note that any request for a

declaration of Biel's ownership interest in the Property has been addressed through the determination that it has no claim to title to the Property. Therefore, even assuming the plea for declaratory relief could be considered separate from its claim for quiet title, Biel's rights and status relative to Appellees has been addressed and the claim properly extinguished. *See Land Dep't v. O'Toole*, 154 Ariz. 43, 47, 739 P.2d 1360, 1364 (App. 1987) ("The declaratory judgment procedure is not designed to furnish an additional remedy where an adequate one exists.") (citations omitted).

## CONCLUSION

¶16　　　Because Biel cannot, upon the facts alleged, illustrate any valid interest in title to the Property, it cannot, as a matter of law, maintain an action for quiet title or for the declaratory relief, and the trial court properly dismissed its complaint against Appellees.

¶17　　　Biel requests its attorneys' fees on appeal pursuant to A.R.S. § 12-1103(B). Biel is not the prevailing party, and we decline this request.

¶18　　　Appellees request their attorneys' fees on appeal pursuant to A.R.S. §§ 12-341.01(A) and -349(A). The prerequisites to an award of fees under A.R.S. § 12-349 are not present, and A.R.S. § 12-341.01 does not apply in a quiet title action. *Lewis v. Pleasant Country, Ltd.*, 173 Ariz. 186, 195, 840 P.2d 1051, 1060 (App. 1992) ("The exclusive basis for attorneys' fees for quiet title actions lies in A.R.S. § 12-1103.") (citing *Lange v. Lotzer*, 151 Ariz. 260, 261, 727 P.2d 38, 39 (App. 1986)). However, as the prevailing party, Appellees may recover their costs upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama